An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-805

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

IN THE MATTER OF:

                                    Forsyth County

                                    No. 12 JA 03

    E.E.L.

Appeal by respondent-mother from order entered 15 April 2013 by Judge Denise S. Hartsfield in Forsyth County District Court. Heard in the Court of Appeals 27 January 2014.

> *No brief filed for petitioner-appellee Forsyth County Department of Social Services.*
>
> *Levine & Stewart, by James E. Tanner III, for respondent-appellant mother.*
>
> *Womble Carlyle Sandridge & Rice, by Murray C. Greason, III, for guardian ad litem.*

HUNTER, Robert C., Judge.

Respondent appeals from an order that granted custody of her minor child, E.E.L. ("Eugene"), to the child's father and stepmother, terminated the juvenile court's jurisdiction, and transferred the matter to a Chapter 50 civil custody case.

Because the trial court failed to find that there is not a need for continued intervention by the State on behalf of the juvenile, we vacate the order and remand this matter for further proceedings.

## Background

The Forsyth County Department of Social Services ("DSS") filed a juvenile petition alleging Eugene was an abused, neglected, and dependent juvenile. DSS assumed non-secure custody of Eugene, and eventually placed him in a therapeutic foster home. At the time of the filing of the petition, Eugene had been living with respondent and his maternal grandmother. Eugene's father was married to another woman and was not able to provide a home for Eugene.

After a hearing on 30 May 2012, the trial court entered an order adjudicating Eugene to be a neglected juvenile. The court continued custody of Eugene with DSS and ordered respondent to comply with the recommendations of her psychological evaluation and parenting capacity assessment, successfully complete parenting classes, and otherwise comply with the terms of her service agreement with DSS. The court also ordered Eugene's father to complete a parenting capacity assessment and psychological evaluation and comply with all recommendations,

attend and successfully complete the "Strong Fathers Program," and otherwise comply with the terms of his service agreement.

By order entered 3 January 2013, the trial court set the permanent plan for Eugene as reunification with his father with a concurrent plan of custody with his father. The court continued custody of Eugene with DSS, but sanctioned a trial home placement of Eugene with his father. The trial placement went well, and by order entered 15 April 2013, the court granted custody of Eugene to his father. The court released DSS and Eugene's guardian ad litem from further responsibility in the case, set forth a visitation schedule for respondent, entered a Chapter 50 civil custody order, and terminated its jurisdiction over the juvenile case. From this order, respondent appeals.

## Argument

Respondent now argues the trial court erred in awarding custody of Eugene to his father and terminating its jurisdiction over the juvenile case. Respondent contends that the trial court failed to make the necessary finding that there is not a need for continued State intervention on behalf of the juvenile through a court proceeding. The guardian ad litem for Eugene on appeal concedes that we must reverse the trial court's order on this basis.

A trial court must find that "[t]here is not a need for continued State intervention on behalf of the juvenile through a juvenile court proceeding" before it may enter a civil custody order and terminate its jurisdiction over a juvenile case. N.C. Gen. Stat. § 7B-911(c)(2)(a) (2011). Here, the trial court's order is devoid of the required ultimate finding that there is not a need for continued State intervention on Eugene's behalf. Nor are there sufficient findings from which this Court could infer that continued State intervention on Eugene's behalf is unnecessary. *See In re A.S.*, 182 N.C. App. 139, 144, 641 S.E.2d 400, 404 (2007) (affirming a trial court's order entered under section 7B-911 where the court failed to explicitly find that further State intervention was unneeded, but found: (1) the respondent parents were able to coordinate visitations between themselves; (2) the parents both had "suitable homes for visitation and/or custody of [the] . . . children[;]" and (3) the mother was "capable of properly supervising and disciplining the . . . children and keeping them safe while in her care and custody."). Accordingly, we vacate the trial court's order and remand this matter for entry of an order with findings of fact in compliance with N.C. Gen. Stat. § 7B-911(c)(2)(a). *Sherrick v. Sherrick*, 209 N.C. App. 166, 172, 704 S.E.2d 314, 319 (2011)

("Although it is permissible for the court to enter one order which both terminates juvenile court jurisdiction and serves as the 'civil custody order' . . . such an order still must include the proper findings of fact and conclusions of law required for each component of the order."); *In re J.B.*, 197 N.C. App. 497, 502, 677 S.E.2d 532, 535 (2009) (holding the trial court improperly terminated its jurisdiction over a juvenile case due in part to the court's failure to "find that there was no longer a need for continued State intervention on behalf of [the juvenile] in accordance with [N.C. Gen. Stat. §] 7B-911(c)(2)(a)").

Respondent further argues that given her cognitive limitations the evidence could not support such a finding. Additionally, respondent contends that State intervention is necessary to monitor the implementation of the visitation plan set forth by the trial court, because Eugene's stepmother would have the discretion to terminate respondent's visitation with Eugene and because the stepmother had previously been antagonistic toward visitation between respondent and Eugene. However, because we are remanding this matter for the trial court to comply with the mandate of N.C. Gen. Stat. § 7B-911(c)(2)(a), we need not address respondent's arguments that

continued State intervention on behalf of Eugene is necessary. We leave it to the discretion of the trial court as to whether or not it receives additional evidence in this matter.

## Conclusion

Based on the foregoing reasons, we vacate the trial court's order and remand for the trial court to comply with the mandate of N.C. Gen. Stat. § 7B-911(c)(2)(a).

Vacated and remanded.

Judges BRYANT and STEELMAN concur.

Report per Rule 30(e).