[202 N.C. App. 140 (2010)]

IN THE MATTER OF: D.Y., B.M.T., J.A.T., Minor Children

No. COA09-1087

(Filed 19 January 2010)

**Child Abuse and Neglect— permanency planning order—hearing—evidence not presented**

A permanency planning order was remanded for a new hearing where the trial court relied on the written reports of DSS, the guardian *ad litem*, prior court orders, and oral arguments by the attorneys, but did not receive sworn testimony.

Appeal by respondent-mother from order entered 3 June 2009, *nunc pro tunc* 13 May 2009, by Judge John W. Dickson in Cumberland County District Court. Heard in the Court of Appeals 21 December 2009.

*Christy E. Wilhelm for respondent-appellant mother.*

*John F. Campbell, for petitioner-appellee Cumberland County Department of Social Services.*

*Pamela Newell Williams for guardian ad litem.*

STEPHENS, Judge.

Respondent-mother appeals from a permanency planning order. For the following reasons, we reverse and remand.

*I. Procedural History and Factual Background*

On 24 April 2008, the Cumberland County Department of Social Services ("DSS") filed a petition alleging that D.Y., B.M.T.,[1] and J.A.T. were neglected and dependent juveniles. DSS stated it had received a report that respondent-mother was threatening to commit suicide and harm the children. Furthermore, DSS claimed that respondent-mother had hit her mother "repeatedly in the head and all over her body in the presence of the children," and "verbally attacked her children by yelling at them and asking if they wanted some of that also, indicating the physical altercation between her and their grandmother[.]" Additionally, DSS alleged that the children had admitted to being afraid of respondent-mother because she had beaten them in

---

1. The parties refer to the minor child, B.M.T., as "B.N.T." in their briefs. However, the order from which appeal is taken and most of the preceding pleadings and orders refer to the minor child as "B.M.T." Therefore, we refer to the minor child as "B.M.T." throughout our opinion.

the past and had slapped their faces. Finally, DSS stated that respondent-mother had admitted to being diagnosed as bi-polar, had previously tried to commit suicide, was not taking her prescribed mental health medications, and was using marijuana. Respondent-mother was voluntarily admitted to Cape Fear Medical Center after the police gave her the choice of admission to the hospital or being taken to jail. D.Y. was picked up by her father and was residing with him when the petition was filed. B.M.T. and J.A.T. were residing with their maternal grandmother.

An adjudicatory hearing was held on 21 January 2009. At the hearing, respondent-mother stipulated that the "juveniles were dependent at the time of the filing of the Petition based on domestic violence between the Respondent Mother and grandmother[.]" The court accepted the stipulation and dismissed the allegations of neglect. The court noted that D.Y. had been placed with her father and was doing well in this placement. The court found that the placement of B.M.T. and J.A.T. with their maternal grandmother had been disrupted and they had been relocated to the residence of D.Y.'s father. However, J.A.T. was unhappy with this placement and was subsequently placed with court-approved caretakers. The trial court ordered that respondent-mother be allowed supervised visitation with B.M.T. and J.A.T., follow all recommendations of a psychological assessment, and complete an anger management program.

A permanency planning review hearing was held on 13 May 2009. The court found:

> That it is not possible for the juveniles to return home at this time. The Respondent Mother has not completed all recommendations on the Family Service Agreement Plan and the juveniles have expressed they do not wish to return home to the Respondent Mother.

The court further found that "[r]eturn of the juveniles to the Respondent Mother would be contrary to the welfare and best interest of the juveniles." Accordingly, the court declined to return the juveniles to respondent-mother's custody and ordered that the juveniles remain in their placements. The court continued the existing visitation plan. Respondent-mother appeals.

## II. Discussion

We first consider respondent-mother's argument that the trial court failed to hold a proper hearing. Respondent-mother asserts that

the trial court's findings of fact are unsupported by properly introduced evidence, and that therefore, the trial court erred in its conclusions of law. We agree.

One of the stated purposes of the Juvenile Code is "[t]o provide procedures for the hearing of juvenile cases that assure fairness and equity and that protect the constitutional rights of juveniles and parents[.]" N.C. Gen. Stat. §7B-100(1) (2008). Another stated purpose is "[t]o develop a disposition in each juvenile case that reflects consideration of the facts, the needs and limitations of the juvenile, and the strengths and weaknesses of the family." N.C. Gen. Stat. §7B-100(2) (2008). In child custody matters,

> [w]henever the trial court is determining the best interest of a child, any evidence which is competent and relevant to a showing of the best interest of that child must be heard and considered by the trial court, subject to the discretionary powers of the trial court to exclude cumulative testimony. Without hearing and considering such evidence, the trial court cannot make an informed and intelligent decision concerning the best interest of the child.

*In re Shue*, 311 N.C. 586, 597, 319 S.E.2d 567, 574 (1984).

In *In re D.L.*, 166 N.C. App. 574, 603 S.E.2d 376 (2004), this Court reversed a permanency planning order where the trial court's findings of fact were unsupported by sufficient evidence. In *D.L.*, the trial court allowed the respondent-mother to speak at the permanency planning hearing. *Id.* at 582, 603 S.E.2d at 382. DSS did not offer any testimony into evidence other than the DSS attorney's statements. *Id.* "Statements by an attorney are not considered evidence." *Id.* In reversing the order of the trial court, our Court noted that

> [t]he only "evidence" offered by DSS was a summary prepared on 11 September 2002. "By stating a single evidentiary fact and adopting DSS and guardian *ad litem* reports, the trial court's findings are not 'specific ultimate facts . . . sufficient for this Court to determine that the judgment is adequately supported by competent evidence.' " *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003) (quoting *In re Anderson*, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002)); *see also . . . Shue*, 311 N.C. at 597, 319 S.E.2d at 574 ("Without hearing and considering such evidence, the trial court cannot make an informed and intelligent decision concerning the best interest of the child."). . . .

**IN RE D.Y., B.M.T., J.A.T.**

[202 N.C. App. 140 (2010)]

As *no* evidence was presented by either DSS or [respondent-mother] regarding the permanency plan, the trial court's findings of fact are unsupported. Without any evidence to support its findings, the trial court erred in its conclusions of law.

*Id.* at 582-83, 603 S.E.2d at 382.

We conclude that the present matter is indistinguishable from *D.L.* In the case *sub judice*, the trial court entered an order based solely on the written reports of DSS and the guardian *ad litem*, prior court orders, and oral arguments by the attorneys involved in the case. *See id.*; *Harton*, 156 N.C. App. at 660, 577 S.E.2d at 337 ("By stating a single evidentiary fact and adopting DSS and guardian *ad litem* reports, the trial court's findings are not 'specific ultimate facts . . . sufficient for this Court to determine that the judgment is adequately supported by competent evidence.' ") (citation omitted). Although respondent-mother was given the opportunity to address the court, she did not take the stand and was not sworn. No sworn testimony from respondent-mother or any other witness was received. *Cf. D.L.*, 166 N.C. App. at 582, 603 S.E.2d at 382 (although the respondent-mother took the stand and was sworn, she offered no testimony regarding the permanency plan). DSS did not offer any witnesses for testimony and the trial court did not examine any witnesses.

We conclude, therefore, that because no evidence was presented, the trial court's findings of fact are unsupported, and its conclusions of law are in error. Accordingly, as in *D.L.*, the order of the trial court must be reversed and the matter remanded for further proceedings consistent with this opinion.

Because we remand for a new hearing, we need not address respondent-mother's remaining arguments on appeal.

REVERSED and REMANDED.

Judges CALABRIA and STROUD concur.