IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-582

Filed: 15 November 2016

Wake County, Nos. 14 JA 12, 13, & 14

IN THE MATTER OF:  J.S., D.S., and B.S.

Appeal by respondent-mother from order entered 8 April 2016 by Judge Monica M. Bousman in Wake County District Court.  Heard in the Court of Appeals 20 October 2016.

> *Ellis & Winters, LLP, by Lenor Marquis Segal, for Guardian ad Litem-appellee.*
>
> *Leslie Rawls for respondent-appellant.*

ZACHARY, Judge.

Respondent-mother L.M. and respondent-father B.S. ("father") are the parents of three sons, J.S., D.S., and B.S.[1] Respondent-mother is also the mother of D.M., whose custody is not at issue in this appeal.[2]  Respondent-mother appeals from the entry of a permanency planning order that granted father legal and physical custody of the children, with respondent-mother to have visitation.  On appeal, respondent-mother argues that in entering its permanency planning order, the trial court failed to comply with the requirements of N.C. Gen. Stat. § 7B-1000(a) (2015).  For the

---

[1] To protect their privacy, we refer to the minor children by their initials.
[2] Because D.M.'s custody is not the subject of this appeal, references in this opinion to "the children" will refer to J.S., D.S., and B.S., unless otherwise specified.

reasons that follow, we conclude that respondent-mother's arguments lack merit and that she is not entitled to relief.

## I. Factual and Procedural History

In 2009, respondent-mother gave birth to a daughter, D.M., who has a different father than respondent-mother's other children. In 2011, twin boys were born to respondent-mother and father, and in 2012 the couple had another son. In 2013, the Wake County Department of Human Services (DHS) became involved with the family and on 14 January 2014, DHS filed petitions alleging that all four of respondent-mother's children were neglected. DHS obtained nonsecure custody of the children on 7 February 2014. On 26 February 2014, the trial court entered an order adjudicating the children to be neglected. The parents separated and a dispositional order was entered on 7 April 2014, continuing the children's legal custody with DHS and their physical placement with respondent-mother. Permanency planning orders were entered in 2014 and 2015, which provided that the permanent plan for the children was to be reunited with one of their parents.

In February 2015, DHS changed the physical placement of the children from respondent-mother to father, who was living with his parents. Between February 2015 and April 2016, the children lived with their father and paternal grandparents, but visited overnight with respondent-mother several days a week. On 8 April 2016, the trial court entered three orders in this case: a permanency planning order, an

order transferring jurisdiction over the case from juvenile court to civil court, and a civil custody order. Regarding the transfer from juvenile to civil court, we note that:

> Although both juvenile proceedings and custody proceedings under Chapter 50 are before the District Court division, jurisdiction is conferred and exercised under separate statutes for the two types of actions. For that reason, we will refer to the District Court in this opinion as either the "juvenile court" or the "civil court" to avoid confusion. The "juvenile court" is the District Court exercising its exclusive, original jurisdiction in a matter pursuant to N.C. Gen. Stat. § 7B-200(a); the "civil court" is the District Court exercising its child custody jurisdiction pursuant to N.C. Gen. Stat. § 50-13.1, *et seq*.

*Sherrick v. Sherrick*, 209 N.C. App. 166, 169, 704 S.E.2d 314, 317 (2011). In its 8 April 2016 orders, discussed in detail below, the trial court (1) terminated the jurisdiction of juvenile court over this case and transferred jurisdiction to civil court for entry of a civil custody order; (2) entered a civil custody order awarding father the legal and primary physical custody of the children and granting respondent-mother visitation privileges; and (3) entered a permanency planning order functionally identical to the civil custody order. On 12 April 2016, respondent-mother entered a notice of appeal from the permanency planning order. Respondent-mother did not appeal the civil custody order or the order transferring jurisdiction pursuant to N.C. Gen. Stat. § 7B-911.

## II. Standard of Review

Our review of a permanency planning order entered pursuant to N.C. Gen. Stat. § 7B-906.1 is "limited to whether there is competent evidence in the record to support the findings and whether the findings support the conclusions of law. The trial court's findings of fact are conclusive on appeal when supported by any competent evidence, even if the evidence could sustain contrary findings." *In re J.H.*, __ N.C. App. __, __, 780 S.E.2d 228, 238 (2015) (internal quotations omitted). Factual findings that are not challenged on appeal are deemed to be supported by the evidence and are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). "In choosing an appropriate permanent plan under N.C. Gen. Stat. § 7B-906.1 [(2015)], the juvenile's best interests are paramount. We review a trial court's determination as to the best interest of the child for an abuse of discretion." *J.H.*, __ N.C. App. at __, 780 S.E.2d at 238 (2015) (internal quotation omitted).

## III. Discussion

On appeal, respondent-mother acknowledges the standard of review of a permanency planning order. However, in her appellate brief, respondent-mother does not challenge the evidentiary support for any specific finding of fact or argue that the trial court's conclusions of law are not supported by its findings of fact. Nor does respondent-mother argue that it is not in the best interest of the children for their legal and primary physical custody to be with their father, or that the trial court failed to follow the requirements of N.C. Gen. Stat. § 7B-906.1. Although we could

affirm the trial court's order on the basis of respondent-mother's failure to make a viable argument challenging the permanency planning order, because of the importance of a child custody order, we will review respondent-mother's appellate arguments.

On appeal, respondent-mother focuses solely upon the fact that the permanency planning order changed the visitation schedule set out in the previous permanency planning order, reducing respondent-mother's visitation with the children. Respondent-mother argues that the permanency planning order failed to comply with N.C. Gen. Stat. § 7B-1000(a) (2015), which provides in relevant part that:

> Upon motion in the cause or petition, and after notice, the court may conduct a review hearing to determine whether the order of the court is in the best interests of the juvenile, and the court may modify or vacate the order in light of changes in circumstances or the needs of the juvenile.

The plain language of § 7B-1000(a) states that it is applicable to an order entered after a review hearing at which the trial court considers whether to modify or vacate a previously entered order "in light of changes in circumstances or the needs of the juvenile." Respondent-mother devotes most of her appellate brief to an argument that the trial court erred by failing to make findings of fact demonstrating that there was a change in circumstances between the entry of the prior permanency planning order and the order from which respondent-mother appealed. The premise of respondent-mother's argument is that entry of a permanency planning order is

governed by N.C. Gen. Stat. § 7B-1000. However, the permanency planning order states, appropriately, that it is entered pursuant to N.C. Gen. Stat. § 7B-906.1, and respondent-mother fails to articulate any legal basis for applying N.C. Gen. Stat. § 7B-1000 to a permanency planning order that was entered under N.C. Gen. Stat. § 7B-906.1. We conclude that entry of a permanency planning order is governed by N.C. Gen. Stat. § 7B-906.1 and not by N.C. Gen. Stat. § 7B-1000.

Moreover, respondent-mother fails to acknowledge or discuss the implications of the fact that she appealed *only* from the permanency planning order, and did not appeal the order transferring jurisdiction from juvenile court to civil court, or the civil custody order. In the 8 April 2016 order that was entered pursuant to N.C. Gen. Stat. § 7B-911 (2015), the trial court stated in relevant part:

> 2. That this Court has previously determined that there is no longer a need for this file to remain open, [as DHS] is no longer actively involved in this case and the jurisdiction of this Court should terminate.
>
> 3. That the Juveniles' status and the issues in this case are in the nature of a private custody agreement or dispute and there is not a need for continued State intervention on behalf of the juvenile[s] through a Juvenile Court proceeding.
>
> That the Court is awarding custody to a parent.
>
> Wherefore, the jurisdiction of this Court is hereby terminated and the legal status of the juvenile[s] and the custodial rights of the parties shall be governed by a civil custody order entered pursuant to [N.C. Gen. Stat. §] 7B-911 as follows:

> 1. That a civil Order shall be entered in a new Civil Domestic file and the Clerk is hereby directed to treat said Order as the initiation of a civil action for custody and to open an appropriate file. . . .

On 8 April 2016, the trial court also entered the civil custody order referenced in its N.C. Gen. Stat. § 7B-911 order. In its custody order, the trial court concluded that it was in the best interest of the children for father to have their sole legal custody and primary physical custody, and for respondent-mother to have visitation privileges. The permanency planning order entered by the trial court the same day, from which respondent-mother has appealed, incorporates the civil custody order and makes the same determinations regarding custody of the children, although the civil custody order includes additional details regarding the parties' future interactions and the visitation schedule.

Respondent-mother does not argue that the permanency planning order affected or invalidated the civil custody order. Respondent-mother has not appealed from the civil custody order or from the order entered pursuant to N.C. Gen. Stat. § 7B-911, and does not argue that the trial court erred in these orders. As a result, even if this Court were to conclude that the trial court had erred in its permanency planning order, the civil custody order would remain in effect, mooting the effect of respondent-mother's challenge to the permanency planning order. Respondent-mother does not argue that the permanency planning order might carry collateral

consequences such that, notwithstanding her failure to challenge the custody order, the issue of the propriety of the permanency planning order is not moot.

We conclude that respondent-mother's challenge to the permanency planning order on the basis of its failure to comply with N.C. Gen. Stat. § 7B-1000 lacks merit, and that the trial court's entry of both an order ending the jurisdiction of juvenile court and of a civil custody order renders moot the merits of the permanency planning order. Accordingly, the trial court's order is

AFFIRMED.

Judges STROUD and McCULLOUGH concur.