INMAN, Judge.
*19 Respondent-father ("Father") appeals from orders ceasing reunification efforts and establishing a permanent plan of adoption for his son, J.T. ("Jason"),[1] and an order terminating his parental rights to Jason. Jason's mother ("Mother") is not a party to this appeal. For the reasons set forth below, we vacate the orders and remand for further proceedings consistent with this opinion.
Factual and Procedural History
Father and Mother were married in September 2009, and Mother gave birth to Jason in April 2010. Father and Mother separated in June *20 2012. In July and September 2014, Mother alleged that Father had abused Jason and Mother's oldest son, who had a different father. Following a medical examination of the children, an evaluator found that Mother had allowed the children "to be exposed to severe, chronic: physical abuse, domestic violence, substance abuse, and mood instability."
On 16 October 2014, the Orange County Department of Social Services ("DSS") filed a juvenile petition alleging that Jason was abused, neglected, and dependent. DSS obtained nonsecure custody of Jason the same *536 day. Following a 5 March 2015 hearing, the trial court adjudicated Jason neglected and dependent by consent order on 8 April 2015. The trial court held a dispositional hearing on 7 May 2015 and entered an order on 29 May 2015 continuing Jason's custody with DSS, relieving DSS of any reunification efforts with Mother, and ordering a visitation schedule for Father and Jason.
Following an 18 June 2015 permanency planning hearing, the trial court entered an order on 9 July 2015 ceasing further reunification efforts with Father and establishing a concurrent plan of adoption and guardianship. The trial court held a second permanency planning hearing on 17 September 2015, after which the court entered an order on 5 October 2015 changing the permanent plan to adoption only and relieving DSS of further reunification efforts.
On 14 August 2015, DSS filed a motion to terminate Father's parental rights, alleging dependency as the sole ground to support termination. See N.C. Gen. Stat. § 7B-1111(a)(6) (2015). After a hearing on the motion, the trial court entered an order on 8 April 2016 terminating Father's parental rights after adjudicating Jason dependent. Father filed notice of appeal on 19 April 2016.
Analysis
On appeal, Father first contends that the trial court erred by conducting permanency planning hearings and ceasing reunification efforts without receiving any oral testimony in open court. We agree.
This Court's review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and whether the findings support the conclusions of law. If the trial court's findings of fact are supported by any competent evidence, they are conclusive on appeal. The trial court's conclusions of law are reviewable de novo on appeal.
In re P.O. , 207 N.C.App. 35, 41, 698 S.E.2d 525, 530 (2010) (internal quotation marks and citations omitted).
*21 The determinative facts of the present case are indistinguishable from those in this Court's prior decisions in In re D.Y. , 202 N.C.App. 140, 688 S.E.2d 91 (2010), and In re D.L. , 166 N.C.App. 574, 603 S.E.2d 376 (2004), in which court reports were the only admissible evidence offered by DSS at the permanency planning hearings. See In re D.Y. , 202 N.C.App. at 142-43, 688 S.E.2d at 93 ; In re D.L. , 166 N.C.App. at 582, 603 S.E.2d at 382. The trial court's findings of fact thus were based only on the court reports, prior orders, and the arguments of counsel. In re D.Y., 202 N.C.App. at 142-43, 688 S.E.2d at 93 ; In re D.L., 166 N.C.App. at 582, 603 S.E.2d at 382. In both cases, this Court held that the trial court's conclusions of law were in error without additional evidence offered to support the trial court's findings of fact, and this Court reversed the permanency planning orders. In re D.Y., 202 N.C.App. at 142-43, 688 S.E.2d at 93 ; In re D.L., 166 N.C.App. at 582-83, 603 S.E.2d at 382.
Here, the trial court heard no oral testimony at either the 18 June or 17 September 2015 permanency planning hearings, but only heard statements from the attorneys involved in the case. "Statements by an attorney are not considered evidence." In re D.L. , 166 N.C.App. at 582, 603 S.E.2d at 382. At both hearings, the trial court accepted into evidence court reports submitted by the guardian ad litem and a DSS social worker and incorporated those reports by reference in its orders. However, reports incorporated by reference in the absence of testimony are insufficient to support the trial court's findings of fact. See id. at 583, 603 S.E.2d at 382 ("The adoption of the DSS summary into the Order is insufficient to constitute competent evidence to support the trial court's findings of facts."). Because the trial court did not hear evidence at either of the permanency planning hearings, the findings in the court's orders were unsupported by competent evidence, and its conclusions of law were in error.
The trial court's failure to hear evidence at the permanency planning hearings does not automatically require us to vacate the orders ceasing reunification efforts. Our Supreme Court has held that incomplete findings of fact in an order ceasing reunification can be cured by findings of fact in a *537 related termination order. In re L.M.T. , 367 N.C. 165, 170-71, 752 S.E.2d 453, 456-57 (2013). In this case, however, the trial court's termination order does not include findings addressing the criteria for ceasing reunification efforts. See N.C. Gen. Stat. §§ 7B-906.1, 906.2 (2015). As a result, the trial court's termination order does not cure the defects in the orders ceasing reunification efforts, and the orders ceasing reunification efforts must therefore be vacated. See In re A.E.C. , 239 N.C.App. 36, 45, 768 S.E.2d 166, 172 (vacating the trial court's termination *22 and permanency planning orders where "the termination order, taken together with the earlier orders, does not contain sufficient findings of fact to cure the defects in the earlier orders"), disc. review denied , 368 N.C. 264, 772 S.E.2d 711 (2015).
Finally, because the trial court erred in ceasing reunification efforts with respect to Father, it erred in entering its order terminating Father's parental rights to Jason. See id. Accordingly, we vacate the orders ceasing reunification efforts with Father and the order terminating Father's parental rights, and remand for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Judges CALABRIA and ZACHARY concur.

A pseudonym is used throughout the opinion to protect the identity of the juvenile and for ease of reading.