TYSON, Judge.
 

 *271
 
 Respondent-mother appeals from an order entered, which removed reunification as a concurrent permanent plan for her children, K.L. and R.E. We reverse and remand.
 

 I. Background
 

 This case returns to the Court for a second time.
 
 In re K.L
 
 .,
 
 242 N.C. App. 678
 
 ,
 
 778 S.E.2d 104
 
 ,
 
 2015 WL 4898180
 
 (unpublished). Cumberland County Department of Social Services ("DSS") filed a petition, which alleged Respondent-mother's children A.J., K.L. and R.E. were seriously neglected and dependent juveniles on 14 January 2014.
 

 The allegations of neglect were asserted after DSS received reports alleging Respondent-mother had abused her autistic grandson, while he was in her care, and that her adult children also reported that she abused them as children. DSS voluntarily dismissed the allegations of serious neglect and dependency. Pursuant to stipulations between the parties, the trial court adjudicated the juveniles to be neglected at a hearing on 9 June 2014. A.J. has reached the age of majority and is no longer part of this case.
 

 The trial court's disposition order retained physical and legal custody of the juveniles with DSS, and decreed for DSS to continue to make reasonable efforts towards reunification of the children with Respondent-mother. Following a hearing on 1 December 2014, the court entered a permanency planning order ("15 January 2015 order"). The court concluded the permanent plan was to place K.L. and R.E. into the custody of their married adult sibling ("Ms. E.") Respondent-mother appealed to this Court.
 

 In her initial appeal, Respondent-mother argued the trial court had improperly ceased reunification efforts. She asserted no appropriate findings were made, as required by N.C. Gen. Stat. § 7B-906.1(e)(1), to explain why it would not be possible for K.L. and R.E. to be returned to her custody within the next six months. She also asserted the court
 
 *272
 
 had not verified whether Ms. E. understood the legal significance of the custodianship pursuant to N.C. Gen. Stat. § 7B-906.1(j).
 
 In re K.L
 
 .,
 
 2015 WL 4898180
 
 at *4-5.
 

 This Court held that the order appealed from did not show the trial court had ceased reunification efforts. The trial court's order specifically directed DSS to continue efforts to eliminate the need for continued placement of the juveniles outside of the home and DSS should continue efforts to reunify the juveniles with Respondent.
 
 Id.
 
 at *4.
 

 This Court further held the trial court's 15 January 2015 order made minimally sufficient findings to comply with N.C. Gen. Stat. § 7B-906.1(e)(1) and (j). The case was remanded for the trial court to enter a specific visitation schedule with the juveniles.
 
 Id.
 
 at *5-8.
 

 On 19 January 2016, a permanency planning hearing was held. On 12 May 2016, the court entered a subsequent permanency planning order which listed a visitation
 
 *591
 
 schedule, as required by this Court upon remand. The court also found that reasonable efforts to reunify the family would be futile, that the permanent plan was "previously achieved" and that legal and physical custody of K.L. and R.E. should remain with Ms. E. Respondent-mother again appeals to this Court.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7B-1001(a)(5) (2015).
 

 III. Issues
 

 Respondent-mother asserts the trial court improperly ceased reunification efforts and failed to follow statutory requirements, prior to granting permanent custody to Ms. E. Respondent-mother also argues the court violated the requirements of N.C. Gen. Stat. § 7B-906.1(n) and N.C. Gen. Stat. § 7B-905.1(d).
 

 IV. Standard of Review
 

 "This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, ... whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition."
 
 In re C.M.,
 

 183 N.C. App. 207
 
 , 213,
 
 644 S.E.2d 588
 
 , 594 (2007). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision."
 
 In re N.G.
 
 ,
 
 186 N.C. App. 1
 
 , 10-11,
 
 650 S.E.2d 45
 
 , 51 (2007) (citation and internal quotation marks omitted),
 
 affirmed per curiam
 
 ,
 
 362 N.C. 229
 
 ,
 
 657 S.E.2d 355
 
 (2008). The
 
 *273
 
 trial court's conclusions of law are reviewed
 
 de novo
 
 on appeal.
 
 In re D.H
 
 .,
 
 177 N.C. App. 700
 
 , 703,
 
 629 S.E.2d 920
 
 , 922 (2006) (citation omitted).
 

 V. Ceasing Reunification Efforts
 

 A. Purpose of Permanency Planning Hearing
 

 Our Juvenile Code provides:
 

 Review hearings after the initial permanency planning hearing shall be designated as subsequent permanency planning hearings. The subsequent permanency planning hearings shall be held at least every six months thereafter or earlier as set by the court to review the progress made in finalizing the permanent plan for the juvenile, or if necessary, to make a new permanent plan for the juvenile.
 

 N.C. Gen. Stat. § 7B-906.1(a) (2016).
 

 This Court affirmed the 15 January 2015 order, which included a finding that DSS should continue reunification efforts and that custody with a relative to be the permanent plan. This Court concluded the trial court's permanency planning order did not cease reunification efforts.
 
 In re K.L.
 
 ,
 
 2015 WL 4898180
 
 at *4.
 

 B. Statutory Requirements
 

 1. N.C. Gen. Stat. § 7B-906.1(d)
 

 At each permanency planning hearing, the trial court "
 
 shall
 
 consider the following criteria and make written findings regarding those that are relevant:"
 

 (1) Services which have been offered to reunite the juvenile with either parent whether or not the juvenile resided with the parent at the time of removal or the guardian or custodian from whom the child was removed.
 

 (2) Reports on visitation that has occurred and whether there is a need to create, modify, or enforce an appropriate visitation plan in accordance with G.S. 7B-905.1.
 

 (3) Whether efforts to reunite the juvenile with either parent clearly would be unsuccessful or inconsistent with the juvenile's health or safety and need for a safe, permanent home within a reasonable period of time. The court
 
 shall
 
 consider efforts to reunite regardless of whether the juvenile resided with the parent, guardian, or custodian at
 
 *274
 
 the time of removal. If the court determines efforts would be unsuccessful or inconsistent, the court
 
 shall
 
 consider other permanent plans of care for the juvenile pursuant to G.S. 7B-906.2.
 

 (4) Reports on the placements the juvenile has had, the appropriateness of the juvenile's current foster care placement, and the goals of the juvenile's foster care plan, including the role the current foster parent will play in the planning for the juvenile.
 

 *592
 
 (5) If the juvenile is 16 or 17 years of age, a report on an independent living assessment of the juvenile and, if appropriate, an independent living plan developed for the juvenile.
 

 (6) When and if termination of parental rights should be considered.
 

 (7) Any other criteria the court deems necessary.
 

 N.C. Gen. Stat. § 7B-906.1(d) (2016) (emphasis supplied).
 

 The trial court's order is required to "make [it] clear that the trial court considered the evidence in light of whether reunification would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time. The trial court's written findings must address the statute's concerns."
 
 In re L.M.T.
 
 ,
 
 367 N.C. 165
 
 , 167-68,
 
 752 S.E.2d 453
 
 , 455 (2013) (quotation marks omitted).
 

 At the 19 January 2016 permanency planning hearing, DSS social worker Stacy Williams testified and DSS offered her report into evidence. Ms. Williams testified her recommendation was to close the case. She admitted DSS had not been working toward the juveniles' reunification with Respondent-mother. Ms. Williams acknowledged DSS had offered no services to Respondent-mother, since the entry of her prior notice of appeal in January 2015.
 

 The court made no specific inquiry or findings regarding visitations which had already occurred. The DSS social worker testified only that the agreed upon visitation schedule included unsupervised overnight visits.
 

 The trial court made the following finding:
 

 14. That the Court finds that reasonable efforts to reunify the family would be futile and inconsistent with the
 
 *275
 
 juveniles health, safety, and need for a safe, permanent home within a reasonable period of time.
 

 No record evidence shows any basis to support such a finding.
 

 The trial court found Respondent-mother had completed "many Court ordered services," except family therapy, which had not been offered, prior to the permanency planning hearing. The court also found, "there has not be a substantial change in circumstances since the entry of the December 1, 2014 Permanency Planning Order."
 

 Further hearings had been continued seven times since the 1 December 2014 hearing. No permanency planning hearing had been held since 1 December 2014. The court released the guardian
 
 ad litem
 
 on 8 December 2014, prior to Respondent's entry of her notice of appeal from the 15 January 2015 order.
 

 DSS made no efforts to recommend or provide services under the ordered concurrent plan of reunification. No evidence supports and DSS cannot now assert that a change in the permanent plan was justified, based upon Respondent-mother's failure to complete steps necessary to reunify with her children, when she had completed all required steps and completion of the final family therapy step was denied to her.
 

 The order addresses the success of the juveniles' placement with their sibling, Ms. E. The remaining statutory factors in N.C. Gen. Stat. § 7B-906.1(d) are inapplicable to the present case. However, the court's findings do not satisfy the multiple layers of inquiry and conclusions as are required by our Juvenile Code.
 

 We reject DSS' argument that by adopting the findings in the previous court orders, the trial court accomplished its statutory duty of making findings pursuant to N.C. Gen. Stat. § 7B-906.1(d). These prior findings were the basis of the disposition order, which provided custody with Ms. E. as the primary plan, and also required reunification efforts with Respondent-mother to continue. To subsequently remove reunification as a concurrent permanent plan requires properly admitted evidence to support findings of fact to allow the court to conclude "efforts to reunite the juvenile with either parent clearly would be futile or inconsistent with the juvenile's health or safety and need for a safe, permanent home within a reasonable period of time." N.C. Gen. Stat. § 7B-906.1(d)(3).
 

 Upon remand, no additional evidence was presented or admitted to support the trial
 
 *593
 
 court's finding that "efforts to reunite the family would be unsuccessful or inconsistent with the juvenile's health or safety, and
 
 *276
 
 need for a safe, permanent home within a reasonable period of time." Without additional evidence and proper findings of fact in support, the trial court's conclusion to cease reunification efforts must be vacated.
 

 2. N.C. Gen. Stat. § 7B-906.1(e)
 

 At any permanency planning hearing
 
 where the juvenile is not placed with a parent
 
 , the court
 
 shall
 
 additionally consider the following criteria and make written findings regarding those that are relevant:
 

 (1) Whether it is possible for the juvenile to be placed with a parent within the next six months and, if not, why such placement is not in the juvenile's best interests.
 

 (2) Where the juvenile's placement with a parent is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established and, if so, the rights and responsibilities that should remain with the parents.
 

 (3) Where the juvenile's placement with a parent is unlikely within six months, whether adoption should be pursued and, if so, any barriers to the juvenile's adoption.
 

 (4) Where the juvenile's placement with a parent is unlikely within six months, whether the juvenile should remain in the current placement, or be placed in another permanent living arrangement and why.
 

 (5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile.
 

 (6) Any other criteria the court deems necessary.
 

 N.C. Gen. Stat. § 7B-906.1(e) (2015) (emphasis supplied).
 

 The trial court concluded that return of the juvenile to Respondent-mother's custody "would be contrary to the welfare and best interest of the juvenile[s]." Respondent-mother argues the trial court failed to make the relevant inquiries required by N.C. Gen. Stat. § 7B-901.1(e) when a child is not placed with a parent.
 

 This Court addressed a similar argument in Respondent's previous appeal. We held that evidence in the record minimally supported the
 
 *277
 
 trial court's finding, "[t]hat return of the juveniles would be contrary to the welfare and best interests of the juveniles inasmuch as the juveniles are in need of more adequate care and supervision than can be provided by [Respondent-mother] at this time and [Respondent-mother is] in need of additional services."
 
 In re K.L
 
 .,
 
 2015 WL 4898180
 
 at *5.
 

 This Court's prior opinion further specified that Respondent-mother's psychological assessment recommended she participate in family counseling and that the juveniles' therapist should determine when such therapy was appropriate. In December 2014, DSS informed the court that the juveniles' therapist believed "that the children were not ready to engage in family therapy at this time."
 

 At the January 2016 hearing, DSS social worker Williams testified "the last service the Respondent-mother was supposed to complete" was family therapy. Ms. Williams testified she had "spoken to the therapist on several different occasions" and the therapist indicated "it was not a good time to have [Respondent-mother] in therapy sessions." She also stated the juveniles were no longer in regular therapy sessions. She indicated the therapist "really didn't have an opinion" on the children spending more time with their mother, because she had not met Respondent-mother.
 

 In the order currently before us, the trial court found the juveniles' therapist had "discharged" them from therapy services, while also finding that it had previously "found that Respondent-mother and the juveniles should engage in therapy."
 

 While this "discharge" of the juveniles without the family therapy having actually occurred is questionable, this finding provides minimal support for the conclusion that returning K.L. and R.E. to Respondent-mother within six months may not have been
 
 *594
 
 possible or contrary to their best interests. Upon remand and at future permanency planning hearings, the trial court should further inquire whether family therapy remains necessary. If not, it should be removed from the plan as a step Respondent-mother is to accomplish.
 

 3. N.C. Gen. Stat. § 7B-906.1(i)
 

 Respondent asserts the trial court applied the incorrect standard in assessing whether or not to change legal custody from Ms. E. back to Respondent-mother. As this issue needs to be addressed on remand, we agree.
 

 Here, the trial court found there had not been "a substantial change in circumstances" since the 15 January 2015 order providing Ms. E.
 

 *278
 
 primary custody of K.L. and R.E. "Substantial change in circumstances" is the legal test to review a change of custody between two parties in a Chapter 50 civil custody action.
 

 DSS argues the present case is controlled by
 
 In re A.C.,
 
 --- N.C. App. ----,
 
 786 S.E.2d 728
 
 (2016). In the case of
 
 In re A.C.
 
 , the trial court had previously, by written order, awarded the respondent-mother sole legal and physical custody of A. C.
 
 Id
 
 . at ----,
 
 786 S.E.2d at 733
 
 . In the same written order, the court had waived further review hearings and relieved DSS of its responsibilities.
 

 Id.
 

 at ----,
 
 786 S.E.2d at 732
 
 .
 

 The trial court in
 
 In re A.C.
 
 had not entered a civil custody order pursuant to N.C. Gen. Stat. § 7B-911, but expressly retained juvenile court jurisdiction pursuant to N.C. Gen. Stat. § 7B-201.
 

 Id.
 

 at ----,
 
 786 S.E.2d at 733
 
 .
 

 After receiving sole custody, the respondent-mother left A.C. in the care of A.C.'s aunt. The aunt filed a "Motion to Reopen, Motion to Intervene, and Motion in the Cause for Child Custody" within the juvenile proceeding. The motion alleged "a substantial change in circumstances" since the earlier order had granted respondent-mother sole custody of A. C.
 

 Id.
 

 at ----,
 
 786 S.E.2d at 732
 
 . The court conducted a hearing on the aunt's motion to modify custody and entered a "Review Order" granting aunt "the sole legal and physical custody of [ A.C.]"
 

 Id.
 

 at ----,
 
 786 S.E.2d at 732
 
 . Our Court held "the court was obliged to resolve a custody dispute between a parent and a nonparent in the context of a proceeding under Chapter 7B."
 

 Id.
 

 at ----,
 
 786 S.E.2d at 733
 
 .
 

 Because the trial court had allowed A.C.'s aunt and caretaker to intervene and seek custody of A.C. from the respondent-mother after custody had been awarded to the respondent-mother, the appellate court's review of the trial court's review order awarding custody to the aunt as intervenor also required "recourse to legal principles typically applied in custody proceedings under N.C. Gen. Stat. Chapter 50, in addition to those governing abuse, neglect, and dependency proceedings under Chapter 7B."
 

 Id.
 

 at ----,
 
 786 S.E.2d at 733
 
 . "[O]nce the custody of a minor child is judicially determined, that order of the court cannot be modified until it is determined that (1) there has been a substantial change in circumstances affecting the welfare of the child; and (2) a change in custody is in the best interest of the child."
 

 Id.
 

 at ----,
 
 786 S.E.2d at
 
 742 (citing
 
 Hibshman v. Hibshman,
 

 212 N.C. App. 113
 
 , 121,
 
 710 S.E.2d 438
 
 , 443 (2011) (citation and ellipsis omitted)).
 

 The trial court in
 
 In re A.C.
 

 ,
 
 was controlled by N.C. Gen. Stat. § 7B-1000(a) (2015) which provides that the "court may modify or vacate
 
 *279
 
 the order in light of changes in circumstances or the needs of the juvenile."
 
 See
 

 id.
 

 at ----,
 
 786 S.E.2d at 734
 
 . This Court held "the burden fell upon intervenor to demonstrate 'changes' warranting a modification of the custody arrangement established by the ... review order."
 

 Id.
 

 at ----,
 
 786 S.E.2d at 734
 
 . Further, "such changes must have either occurred or come to light subsequent to the establishment of the
 
 status quo
 
 which [aunt] sought to modify."
 

 Id.
 

 at ----,
 
 786 S.E.2d at 734
 
 (citation omitted).
 

 The trial court in
 
 In re A.C.
 
 had previously relieved DSS of further duties and waived further review hearings. The court modified its previous award of custody in response to a "Motion to Reopen, Motion to Intervene and Motion in the Cause."
 

 Id.
 

 at ----,
 
 786 S.E.2d at 732
 
 .
 

 *595
 
 Here, the parties were before the trial court at a subsequent permanency planning review hearing after remand from this Court. At this subsequent permanency planning hearing, the trial court appears to have attempted to cease reunification efforts based upon a lack of substantial change in circumstances since the entry of the previous order. The analysis in
 
 In re A.C
 
 . is inapplicable. Respondent-mother was not required to show a substantial change in circumstances to retain the concurrent plan of reunification.
 

 This Court's decision in
 
 In re J.S.
 
 , --- N.C. ----,
 
 792 S.E.2d 861
 
 (2016) is relevant here. "The plain language of § 7B-1000(a) states that it is applicable to an order entered after a review hearing at which the trial court considers whether to modify or vacate a previously entered order 'in light of changes in circumstances or the needs of the juvenile.' "
 

 Id.
 

 at ----,
 
 792 S.E.2d at 863
 
 . The permanency planning order in
 
 In re J.S
 
 . stated it was "entered pursuant to N.C. Gen. Stat. § 7B-906.1."
 

 Id.
 

 at ----,
 
 792 S.E.2d at 864
 
 . We held "that entry of a permanency planning order is governed by N.C. Gen. Stat. § 7B-906.1 and not by N.C. Gen. Stat. § 7B-1000."
 

 Id.
 

 at ----,
 
 792 S.E.2d at 864
 
 . Here the court's order is titled, "Permanency Planning Order" and indicates the "hearing is being held pursuant to N.C. Gen. Stat. § 7B-906.1(e)."
 

 At a permanency planning hearing:
 

 (i) The court may maintain the juvenile's placement under review or order a different placement, appoint a guardian of the person for the juvenile pursuant to G.S. 7B-600, or order any disposition authorized by G.S. 7B-903, including the authority to place the child in the custody of either parent or any relative found by the court to be suitable and found by the court to be in the best interests of the juvenile.
 

 N.C. Gen. Stat. § 7B-906.1(i) (2016).
 

 *280
 
 Neither Respondent-mother nor DSS need show a "substantial change in circumstances" to seek modification under the statute. The trial court was required to address custody and reunification as permanent plans and to consider the best interest of the juveniles. The trial court found it was "in the best interests of [the juveniles] that permanent legal and physical custody remain" with Ms. E.
 

 The trial court conflated the requirements of Chapters 50 and 7B and included an unnecessary and improper test of "substantial change in circumstances" at this stage of permanency planning. It is unclear from the brief transcript and minimal findings whether the inclusion of this erroneous standard impacted the permanent plan ordered by the court. Upon remand the court is to review the permanent plans of custody with a relative and reunification with Respondent-mother under only the correct statutory standard set forth in § 7B-906.1(i).
 

 4. N.C. Gen. Stat. § 7B-906.2
 

 Respondent-mother contends the trial court failed to make the inquiry required in N.C. Gen. Stat. § 7B-906.2. DSS concedes N.C. Gen. Stat. § 7B-906.2 is applicable since the case was pending on 1 October 2015.
 

 a. § 7B-906.2(b)
 

 N.C. Gen. Stat. § 7B-906.2(b) requires reunification remain a primary or secondary plan, unless the court makes the requisite findings of fact showing that reunification efforts clearly would be unsuccessful or would be inconsistent with the juvenile's health or safety. N.C. Gen. Stat. § 7B-906.2(b) (2016). DSS argues the trial court's order complied with § 7B-906.2(b) by incorporating by reference the findings contained in previous orders.
 

 Rule 52 of the Rules of Civil Procedure requires that in all actions tried upon the facts without a jury, "the court shall find the facts specially and state separately its conclusions of law...." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2015). The documents incorporated may support a finding of fact; however, merely incorporating the documents by reference is not a sufficient finding of fact.
 

 "[A] proper finding of facts requires a specific statement of the facts on which the rights of the parties are to be determined, and those findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment."
 
 Quick v. Quick,
 

 305 N.C. 446
 
 , 451,
 
 290 S.E.2d 653
 
 , 657 (1982).
 

 *281
 

 *596
 
 Findings of fact must show that the trial court has reviewed the evidence presented and found the facts through a process of logical reasoning.
 
 In re O.W.
 
 ,
 
 164 N.C. App. 699
 
 , 702,
 
 596 S.E.2d 851
 
 , 853 (2004) ("the trial court must, through 'processes of logical reasoning,' based on the evidentiary facts before it, 'find the ultimate facts essential to support the conclusions of law.' ") (quoting
 
 In re Harton
 
 ,
 
 156 N.C. App. 655
 
 , 660,
 
 577 S.E.2d 334
 
 , 337 (2003) ).
 

 This Court has repeatedly stated that "the trial court's findings must consist of more than a recitation of the allegations" contained in the juvenile petition.
 
 In re O.W.
 
 ,
 
 164 N.C. App. at 702
 
 ,
 
 596 S.E.2d at
 
 853 ;
 
 Coble v. Coble
 
 ,
 
 300 N.C. 708
 
 , 712,
 
 268 S.E.2d 185
 
 , 189 (1980) ("The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead 'to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.' " (citation omitted)).
 

 Here, the trial court's unsupported conclusory statement that "reasonable efforts to reunify the family would be futile and inconsistent with the juveniles' health [or] safety" does not meet the statutory or prior case law's requirements and must be vacated.
 

 b. § 7B-906.2(d)
 

 N.C. Gen. Stat. § 7B-906.2(d) requires the court make specific written findings as to each of the following, "which shall demonstrate [the parent's] lack of success":
 

 (1) Whether the parent is making adequate progress within a reasonable period of time under the plan.
 

 (2) Whether the parent is actively participating in or cooperating with the plan, the department, and the guardian ad litem for the juvenile.
 

 (3) Whether the parent remains available to the court, the department, and the guardian ad litem for the juvenile.
 

 (4) Whether the parent is acting in a manner inconsistent with the health or safety of the juvenile.
 

 Here, the trial court's order contains a finding of fact that prior to the initial appeal, Respondent-mother completed many "Court ordered services." No other finding mentions Respondent-mother's progress, shortcomings, or failures to accomplish, with respect to the permanent plan.
 

 *282
 
 Unchallenged testimony shows DSS had offered no assistance or services to Respondent-mother since her notice was filed in the prior appeal.
 

 The court's order makes no mention of Respondent-mother's cooperation or lack of cooperation with DSS. Ms. Williams, DSS' only witness at the hearing, offered no testimony in this regard.
 

 Respondent-mother testified at the hearing she remained willing to "do whatever that was asked of her" and that she had completed all of the other services and steps DSS had asked her to complete. She testified she had not been asked to do anything since January 2015. DSS did not cross-examine Respondent-mother nor offer any rebuttal evidence to refute her testimony.
 

 c. § 7B-906.2(c)
 

 N.C. Gen. Stat. § 7B-906.2(c) provides that "[i]n every subsequent permanency planning hearing," "the court shall make written findings" about the efforts DSS has made towards achieving the primary and secondary plans in effect prior to the hearing. The trial court made no findings of whether DSS had made reasonable efforts to reunite Respondent with her children.
 

 The trial court's order "must make [it] clear that the trial court considered the evidence in light of whether reunification would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time."
 
 In re A.E.C.
 
 ,
 
 239 N.C. App. 36
 
 , 42,
 
 768 S.E.2d 166
 
 , 170 (2015),
 
 cert. allowed
 
 , --- N.C. ----,
 
 796 S.E.2d 791
 
 (2017). While the written findings do not need to quote the exact language of the statute, the trial "court's written findings must address the statute's concerns."
 

 Id.
 

 As stated previously, Ms. Williams testified DSS had provided no reunification efforts following the 15 January 2015 order. The record on appeal shows DSS completely disregarded its statutory duty to "finalize the primary and secondary" plans until relieved
 
 *597
 
 by the trial court.
 
 See
 
 N.C. Gen. Stat. § 7B-906.2(b).
 

 This Court cannot infer from the minimal findings that reunification efforts would be futile or inconsistent with the juveniles' health or safety.
 
 See
 

 In re A.E.C.
 
 ,
 
 239 N.C. App. at 43
 
 ,
 
 768 S.E.2d at 171
 
 .
 
 See also
 
 ,
 
 In re T.W.,
 
 --- N.C. App. ----, ----,
 
 796 S.E.2d 792
 
 , 795-96 (2016) (holding "if reunification efforts are not foreclosed as part of the initial disposition pursuant to N.C. Gen. Stat. § 7B-901(c), the court may eliminate reunification as a goal of the permanent plan only upon a finding made under N.C. Gen. Stat. § 7B-906.2(b). Only when reunification is eliminated
 
 *283
 
 from the permanent plan is the department of social services relieved from undertaking reasonable efforts to reunify the parent and child.").
 

 The trial court's conclusion of law that reunification would be futile is error without any evidence in the record to support the findings of fact.
 
 In re J.T.
 
 , --- N.C. ----, ----,
 
 796 S.E.2d 534
 
 , 536 (2017). We reverse the trial court's order as it relates to cessation of reunification efforts.
 

 C. Constitutionally Protected Status
 

 Respondent also argues the trial court's conclusion of law that she is unfit, has acted inconsistently with her constitutionally protected status as a parent, and has abdicated her responsibilities as a parent is completely unsupported by any finding of fact. We agree.
 

 The trial court must clearly "address whether respondent is unfit as a parent or if her conduct has been inconsistent with her constitutionally protected status as a parent, should the trial court ... consider granting custody or guardianship to a nonparent."
 
 In re P.A.
 
 ,
 
 241 N.C. App. 53
 
 , 66-67,
 
 772 S.E.2d 240
 
 , 249 (2015).
 

 Findings in support of the conclusion that a parent acted inconsistently with the parent's constitutionally protected status are required to be supported by clear and convincing evidence.
 
 See
 

 Adams v. Tessener
 
 ,
 
 354 N.C. 57
 
 , 63,
 
 550 S.E.2d 499
 
 , 503 (2001) (holding that "a trial court's determination that a parent's conduct is inconsistent with his or her constitutionally protected status must be supported by clear and convincing evidence" (citing
 
 Santosky v. Kramer
 
 ,
 
 455 U.S. 745
 
 , 747-48,
 
 102 S.Ct. 1388
 
 , 1391-92,
 
 71 L.Ed.2d 599
 
 , 603 (1982) ).
 

 "The clear and convincing standard requires evidence that should fully convince. This burden is more exacting than the preponderance of the evidence standard generally applied in civil cases, but less than the beyond a reasonable doubt standard applied in criminal matters."
 
 In re A.C.
 
 , --- N.C. at ----,
 
 786 S.E.2d at
 
 734 (citing
 
 Scarborough v. Dillard's, Inc.,
 

 363 N.C. 715
 
 , 721,
 
 693 S.E.2d 640
 
 , 643 (2009),
 
 cert. denied,
 

 563 U.S. 988
 
 ,
 
 131 S.Ct. 2456
 
 ,
 
 179 L.Ed.2d 1211
 
 (2011) ).
 

 This Court's inquiry must be "whether the evidence presented is such that a [fact-finder] applying that evidentiary standard could reasonably find the fact in question."
 

 Id.
 

 at ----,
 
 786 S.E.2d at 734
 
 (internal quotation marks and citations omitted).
 

 No findings of fact in the trial court's order addresses, whether Respondent-mother was unfit or how she was acting inconsistently with her protected status as a parent at the time of the hearing. The trial court's conclusion is unsupported by findings of fact.
 

 *284
 
 We reverse the order awarding permanent custody to Ms. E. and remand. Upon remand, the district court must "address whether respondent is unfit as a parent or if her conduct has been inconsistent with her constitutionally protected status as a parent."
 
 In re P.A.
 
 ,
 
 241 N.C. App. at 66
 
 ,
 
 772 S.E.2d at 249
 
 . In light of the lack of any services offered by DSS since Respondent-mother's notice in the prior appeal, further evidence should be taken and proper findings of fact supported by the required evidentiary standard and burden must be made to support the conclusions of law.
 
 See
 
 id.
 

 VI. N.C. Gen. Stat. §§ 7B-906.1(n) and 7B-905.1(d)
 

 Respondent-mother argues the trial court committed reversible error when it waived holding further reviews. We agree.
 

 The trial court may not waive permanency planning hearings unless "the court finds by
 
 clear, cogent, and convincing evidence each
 
 of the following":
 

 *598
 
 (1) The juvenile has resided in the placement for a period of at least one year.
 

 (2) The placement is stable and continuation of the placement is in the juvenile's best interests.
 

 (3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months.
 

 (4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion.
 

 (5) The court order has designated the relative or other suitable person as the juvenile's permanent custodian or guardian of the person.
 

 N.C. Gen. Stat. § 7B-906.1(n) (2016) (emphasis supplied).
 

 Our statutes and cases require the trial court to address all five criteria, make findings of fact to support its conclusion, and hold its failure to do so is reversible error.
 
 In re P.A.
 
 ,
 
 241 N.C. App. at 66
 
 ,
 
 772 S.E.2d at 249
 
 ("The trial court must make written findings of fact satisfying each of the enumerated criteria listed in N.C. Gen. Stat. § 7B-906.1(n), and its failure to do so constitutes reversible error.").
 
 See also
 

 In
 

 re L.B.,
 

 184 N.C. App. 442
 
 , 447,
 
 646 S.E.2d 411
 
 , 413-14 (2007) (construing predecessor statute, N.C. Gen. Stat. § 7B-906(b) (2005) ).
 

 *285
 
 DSS concedes the trial court failed to comply with these mandatory provisions of the statute. DSS asserts even though the exact language was not set forth in the court's order, "it is clear that it was the intent of the trial court." It is not the role of the appellate court to try to interpret "the intent of the trial court."
 

 The trial court failed to specifically address whether the juveniles best interests or a right of a party required reviews every six months under the third prong of § 7B-906.1(n) and failed to make any finding at all regarding the fourth requirement. That portion of the trial court's order purporting to end judicial review hearings in this case is reversed for lack of supported and written findings of fact on all five criteria set forth in N.C. Gen. Stat. § 7B-906.1(n).
 

 VII. Conclusion
 

 The Juvenile Code's requirements must be followed prior to making a supported conclusion whether to grant Ms. E. permanent custody of K.L. and R.E. We reverse and remand for additional findings in accordance with N.C. Gen. Stat. § 7B-906.2 before reunification with Respondent-mother as a goal of the permanent plan can be eliminated.
 

 Upon remand, the trial court must also make inquiry and enter necessary findings according to N.C. Gen. Stat. §§ 7B-906.1(n) and 905.1(d) before further review hearings may be waived.
 

 The order appealed from is vacated in part and reversed in part. This cause is remanded to the district court for further proceedings as are consistent with this opinion.
 
 It is so ordered.
 

 VACATED IN PART; REVERSED IN PART AND REMANDED.
 

 Chief Judge McGEE and Judge INMAN concur.