IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1190

 Filed: 1 October 2019

Surry County, Nos. 17 JA 48-49

IN THE MATTER OF: S.P. and J.P.

 Appeal by Respondent-Father from order entered 21 August 2018 by Judge

William F. Southern, III in Surry County District Court. Heard in the Court of

Appeals 5 September 2019.

 Susan Curtis Campbell for petitioner-appellee Surry County Department of
 Social Services.

 Peter Wood for respondent-appellant father.

 James N. Freeman, Jr. for guardian ad litem.

 MURPHY, Judge.

 Respondent-Father (“Edouard”1) appeals from an order appointing the

Johnsons as guardians of his minor children, Arthur and Cesar. Because no oral

testimony was received at the hearing, we vacate the trial court’s order and remand

for further proceedings.

 BACKGROUND

 1 Pseudonyms are used for all relevant persons throughout this opinion to protect the juveniles’
identities and for ease of reading.
 IN RE: S.P. & J.P.

 Opinion of the Court

 On 11 July 2017, the Surry County Department of Social Services (“DSS”) filed

petitions alleging that Arthur and Cesar were neglected juveniles. DSS alleged the

children did not receive proper care, supervision, or discipline from their parents and

lived in an environment injurious to their welfare due to their parents’ significant

substance abuse. DSS obtained nonsecure custody of the children and placed them

with the Johnsons, a couple related to the children’s mother.

 After a hearing on 17 August 2017, the trial court entered an order on 12

September 2017 adjudicating the children to be neglected juveniles. In its disposition

order, entered the same day, the trial court continued custody of the children with

DSS, ordered the parents to comply with the Family Services Case Plans they had

entered into with DSS, and granted the parents bi-weekly supervised visitation with

the children.

 The trial court entered review hearing orders on 31 January 2018 and 22

March 2018. It found the children were doing well in their placement with the

Johnsons and that the parents were making only limited progress on the

requirements of their case plans. The trial court continued custody of the children

with DSS and directed they remain in placement with the Johnsons. The parents

were ordered to comply with DSS requests and the provisions of their case plans and

to submit to immediate drug screening. The trial court modified visitation to two

visits per month to be supervised by the Johnsons.

 -2-
 IN RE: S.P. & J.P.

 Opinion of the Court

 On 27 June 2018, the trial court conducted a permanency planning hearing.

The trial court entered its order from that hearing on 23 July 2018 and entered an

amended order on 21 August 2018. In that order, the trial court found the parents

had not made satisfactory progress on their case plans. The trial court set the

primary plan for the children as guardianship and the secondary plan as reunification

and appointed the Johnsons as guardians of the children. The trial court relieved

DSS from further responsibility in the case, discharged the guardian ad litem for the

children, released the parents’ appointed counsel, and held no further hearings were

required in the case. The parents were granted a minimum of one two-hour visit with

the children each month, to be supervised by the Johnsons, and the Johnsons were

authorized to expand visitation in their discretion. Edouard filed timely notice of

appeal.

 ANALYSIS

 Edouard argues the trial court erred by (1) delegating “its judicial

responsibility by granting the [Johnsons] excessive discretion over [his] visitation

rather than setting specific terms[,]” (2) “awarding guardianship to nonparents

without verifying that the guardians understood the legal significance and had

adequate resources[,]” and (3) terminating “juvenile court custody without [following]

the mandates of [N.C.G.S.] § 7B-911 or opening a case under . . . Chapter 50.”

 -3-
 IN RE: S.P. & J.P.

 Opinion of the Court

 We first address Edouard’s argument challenging the trial court’s decision to

award guardianship to the Johnsons. Our review of a permanency planning hearing

is well established:

 This Court’s review of a permanency planning order is
 limited to whether there is competent evidence in the
 record to support the findings and whether the findings
 support the conclusions of law. If the trial court’s findings
 of fact are supported by any competent evidence, they are
 conclusive on appeal. The trial court’s conclusions are
 reviewable de novo on appeal.

In re P.O., 207 N.C. App. 35, 41, 698 S.E.2d 525, 530 (2010) (internal citations and

quotation marks omitted).

 N.C.G.S. § 7B-906.1(j) states:

 (j) If the court determines that the juvenile shall be placed
 in the custody of an individual other than a parent or
 appoints an individual guardian of the person pursuant to
 G.S. 7B-600, the court shall verify that the person receiving
 custody or being appointed as guardian of the juvenile
 understands the legal significance of the placement or
 appointment and will have adequate resources to care
 appropriately for the juvenile.

N.C.G.S. § 7B-906.1(j) (2017).

 We have previously addressed the requirement of testimony at the

permanency planning hearing to support a permanency planning order. In re J.T.,

252 N.C. App. 19, 796 S.E.2d 534 (2017); In re D.Y., 202 N.C. App. 140, 688 S.E.2d 91

(2010); In re D.L., 166 N.C. App. 574, 603 S.E.2d 376 (2004). In In re J.T., at the

permanency planning hearing, the trial court heard statements from attorneys and

 -4-
 IN RE: S.P. & J.P.

 Opinion of the Court

“accepted into evidence court reports submitted by the guardian ad litem and a DSS

social worker and incorporated those reports by reference in its orders.” In re J.T.,

796 S.E.2d at 536. We stated that “reports incorporated by reference in the absence

of testimony are insufficient to support the trial court’s findings of fact.” Id.

Accordingly, we held that “[b]ecause the trial court did not hear evidence at either of

the permanency planning hearings, the findings in the court’s orders were

unsupported by competent evidence, and its conclusions of law were in error.” Id.

 In so holding, we found support in In re D.Y. and In re D.L.:

 The determinative facts of the present case are
 indistinguishable from those in this Court’s prior decisions
 in In re D.Y., 202 N.C. App. 140, 688 S.E.2d 91 (2010), and
 In re D.L., 166 N.C. App. 574, 603 S.E.2d 376 (2004), in
 which court reports were the only admissible evidence
 offered by DSS at the permanency planning hearings. The
 trial court’s findings of fact thus were based only on the
 court reports, prior orders, and the arguments of counsel.
 In both cases, this Court held that the trial court’s
 conclusions of law were in error without additional
 evidence offered to support the trial court’s findings of fact,
 and this Court reversed the permanency planning orders.

Id. at 21, 796 S.E.2d at 536 (citations omitted).

 This case is indistinguishable from the aforementioned cases. Here, the only

evidence before the trial court consisted of the reports offered by DSS and the

guardian ad litem. The trial court heard no testimony at the permanency planning

hearing. The entirety of the evidentiary portion of the permanency planning hearing

consists of the following:

 -5-
 IN RE: S.P. & J.P.

 Opinion of the Court

 THE COURT: If we can have the preparers of the report
 sworn?

 (The preparers of the report were sworn.)

The trial court then asked if DSS had anything further, whereupon counsel presented

their arguments to the court. While the trial court could consider the reports as

evidence, these reports and arguments made by counsel alone, without testimony, are

insufficient to support the trial court’s findings of fact. See In re J.T., 796 S.E.2d at

536. Thus, the trial court’s conclusions of law were erroneous. We vacate the order

and remand for further proceedings. Because we must vacate the trial court’s order,

we need not address Edouard’s remaining arguments.

 CONCLUSION

 For the reasons stated herein, the trial court’s order is vacated and remanded.

 VACATED AND REMANDED.

 Chief Judge McGEE and Judge COLLINS concur.

 -6-