FRED SHERRICK AND SHEILA SHERRICK, PLAINTIFFS v. WILLIAM J.
SHERRICK AND SARAH L. SHERRICK, DEFENDANTS

No. COA10-230

(Filed 4 January 2011)

**Jurisdiction— subject matter—juvenile court versus civil court—child neglect—child custody—attorney fees— Chapter 7B juvenile proceeding—Chapter 50 civil action**

The trial court lacked subject matter jurisdiction to enter its 7 August 2009 and 23 October 2009 orders regarding child custody and attorney fees in a Chapter 50 civil action between private parties. The orders were vacated and remanded to the district court based on a failure to comply with N.C.G.S. § 7B-911 in terminating the jurisdiction of the juvenile court obtained from the initial juvenile neglect proceeding. Upon remand, the case remained within the jurisdiction of the juvenile court unless and until the juvenile court terminated its jurisdiction in compliance with N.C.G.S. § 7B-911 and entered a civil custody order in compliance with N.C.G.S. § 50-13.1, *et seq.*

Appeal by plaintiffs from orders entered 7 August 2009 and 23 October 2009 by Judge Addie M. Harris Rawls in District Court, Lee County. Heard in the Court of Appeals 31 August 2010.

*Wagner Law Firm, PC, by Lisa Anne Wagner, for plaintiff-appellants.*

STROUD, Judge.

Plaintiffs appeal a child custody order and an order awarding attorney fees. As we conclude the trial court did not have jurisdiction to enter these orders, we vacate both orders.

I. Background

Defendants William Sherrick and Sarah Sherrick are the parents of Mary, a minor child.[1] On 9 November 2005 the Lee County Department of Social Services ("DSS") filed a petition alleging that Mary was a neglected juvenile. Defendants herein, William Sherrick and Sarah Sherrick, were respondents in the neglect action; plaintiffs

---

1. Mary is a pseudonym used to protect the identity of the minor child.

herein were not parties to the case at that time.[2] On 6 December 2005, the trial court entered an order which adjudicated Mary as dependent based upon the defendants' drug use and domestic violence in the home. On 22 November 2006, the trial court entered a "REVIEW ORDER (ABUSE/NEGLECT/DEPENDENCY)" determining that the permanent plan for Mary would be custody with her paternal grandparents, Fred Sherrick and Sheila Sherrick, plaintiffs herein. The order also relieved "[t]he Department of Social Services, GAL and attorneys for the parents" of "any further responsibility[,]" but specifically "retain[ed] jurisdiction for the entry of subsequent orders."

On 6 December 2007, defendants filed a motion to review the 22 November 2006 order. They alleged that they had both retained employment, found appropriate housing, and had submitted to drug testing; that the health of plaintiff, Fred Sherrick, had deteriorated, preventing his participation in Mary's care; and that Mary's emotional well-being had deteriorated. Based upon these allegations, defendants requested that the court "return [Mary] to the custody of her parents." On 14 January 2008, the trial court entered a "CONSENT ORDER" that specifically stated that "[t]his is a juvenile proceeding pursuant to the provisions of Sub-Chapter I of Chapter 7B of the General Statutes of North Carolina;" the trial court ordered that defendants receive visitation with Mary.

On 8 October 2008, the trial court entered another "CONSENT ORDER" which we will refer to as the "temporary custody order." The order states that "[t]his is a juvenile proceeding pursuant to the provisions of Sub-Chapter I of Chapter 7B of the General Statutes of North Carolina[.]" The 8 October 2008 order went on to state:

1.  That the clerk shall treat this Consent Order as the initiation of a civil action for custody of the juvenile. The parties to said action shall be Fred, Sheila, Billy and Sarah and the caption of said action shall be "Fred Sherrick and Sheila Sherrick, Plaintiffs, versus William J. Sherrick and Sarah L. Sherrick, Defendants". The clerk shall waive the civil filing fee for said action.

---

2. For ease of reference, we will refer to William Sherrick and Sarah Sherrick as defendants, although they were respondents until entry of the 7 August 2009 order. Likewise, we will refer to Fred Sherrick and Sheila Sherrick as plaintiffs, as they were not parties to the juvenile proceeding but were designated as "plaintiffs" by the 8 October 2008 order.

The 8 October 2008 order further provided that all parties would have "temporary joint legal custody" of Mary.

On 7 August 2009, the trial court entered a custody order after holding a hearing upon defendants' 6 December 2007 motion for review of the 22 November 2006 review order. The trial court's 7 August 2009 order was entered under the civil action caption and ultimately ordered, *inter alia*, that "[t]he defendants shall have sole legal and physical custody of the minor child." On 15 September 2009, plaintiffs filed their notice of appeal from the 7 August 2009 custody order.[3] On 22 September 2009, defendants filed a motion for attorney's fees. On 23 October 2009, the trial court ordered plaintiffs to pay defendants' attorneys' fees. Plaintiffs filed notice of appeal from the 23 October 2009 order on 25 November 2009.

## II. Jurisdiction

Although plaintiffs have not raised the issue of the trial court's subject matter jurisdiction under Chapter 50 to enter either of the orders which are the subject of this appeal, it is necessary for us to address this issue first. *See State v. Jernigan*, 255 N.C. 732, 736, 122 S.E.2d 711, 714 (1961) ("Where a lack of jurisdiction appears upon the face of the record, as it does here, this Court, even in the absence of a motion, will *ex mero motu* vacate and set aside the proceedings done when there is no jurisdiction.")

> Subject matter jurisdiction cannot be conferred by consent or waiver, and the issue of subject matter jurisdiction may be raised for the first time on appeal. The determination of subject matter jurisdiction is a question of law and this Court has the power to inquire into, and determine, whether it has jurisdiction and to dismiss an action . . . when subject matter jurisdiction is lacking.

*In re S.T.P.*, —— N.C. App. ——, ——, 689 S.E.2d 223, 226 (2011) (citations and quotations marks omitted). The trial court initially exercised jurisdiction in this matter in a juvenile neglect proceeding pursuant to N.C. Gen. Stat. § 7B-200(a). By statute the district courts of this State are conferred "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-200(a) (2007). "When the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is

---

3. Plaintiffs' notice of appeal was timely as they were not served with the 7 August 2009 order until 18 August 2009. N.C.R. App. P. Rule 3(c)(2).

otherwise emancipated, whichever occurs first." N.C. Gen. Stat. § 7B-201(a) (2007).

Both of the orders from which plaintiffs appeal were entered after the purported transfer of this case from the jurisdiction of the juvenile court, as an abuse/neglect/dependency proceeding under Chapter 7B, to a civil action between private parties under Chapter 50. Although both juvenile proceedings and custody proceedings under Chapter 50 are before the District Court division, jurisdiction is conferred and exercised under separate statutes for the two types of actions. For that reason, we will refer to the District Court in this opinion as either the "juvenile court" or the "civil court" to avoid confusion. The "juvenile court" is the District Court exercising its exclusive, original jurisdiction in a matter pursuant to N.C. Gen. Stat. § 7B-200(a); the "civil court" is the District Court exercising its child custody jurisdiction pursuant to N.C. Gen. Stat. § 50-13.1, *et seq.* In many judicial districts, we recognize that both juvenile matters and Chapter 50 civil custody matters may be heard in the same courtroom and by the same District Court Judge. However, there is a clear dividing line between the exercise of the juvenile court's jurisdiction and the civil court's jurisdiction, and that line is drawn by N.C. Gen. Stat. § 7B-911.

N.C. Gen. Stat. § 7B-911 specifically provides the procedure for transferring a Chapter 7B juvenile proceeding to a Chapter 50 civil action. *See* N.C. Gen. Stat. § 7B-911 (2007). In certain cases which have originated as abuse, neglect, or dependency proceedings under Chapter 7B of the General Statutes, a time may come when involvement by the Department of Social Services is no longer needed and the case becomes a custody dispute between private parties which is properly handled pursuant to the provisions of Chapter 50. *See id.* N.C. Gen. Stat. § 7B-911 sets forth a detailed procedure for transfer of such cases which will ensure that the juvenile is protected and that the juvenile's custodial situation is stable throughout this transition. For this reason, N.C. Gen. Stat. § 7B-911(b) requires that the juvenile court enter a permanent order prior to termination of its jurisdiction. After transfer, if a party desires modification of the juvenile's custodial situation under Chapter 50, that party must file the appropriate motion for modification and demonstrate a substantial change in circumstances affecting the best interests of the child. N.C. Gen. Stat. § 50-13.7 (2007) ("[A]n order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party

or anyone interested."). *See also Savani v. Savani,* 102 N.C. App. 496, 505, 403 S.E.2d. 900, 906 (1992) ("[A] party is required to demonstrate substantially changed circumstances affecting the welfare of the child in order to be granted a modification of an existing custody order.") The procedure required by N.C. Gen. Stat. § 7B-911 is not a mere formality which can be dispensed with just because the parties agree to a consent order. Jurisdiction cannot be conferred upon the court by consent, but the trial court must exercise its jurisdiction only in accordance with the applicable statutes.

We first note that the 22 November 2006 review order which provided that "[t]he Department of Social Services, GAL and attorneys for the parents" were relieved of "any further responsibility[,]" may have "closed" the juvenile case at that time, for purposes of DSS's active involvement, but it did not terminate the jurisdiction of the juvenile court. In fact, the order specifically provided that the juvenile court "retain[ed] jurisdiction for the entry of subsequent orders." Our court has noted that " "[c]losing" a case does not mean the same thing as "terminating jurisdiction." " *In re S.T.P.,* —— N.C. App. at ——, 689 S.E.2d at 227. "Each is a separate action with distinct consequences." *Id.*

N.C. Gen. Stat. § 7B-911(c)(2) provides that the juvenile court may terminate its jurisdiction and transfer the matter to civil court if:

> [i]n a separate order terminating the juvenile court's jurisdiction in the juvenile proceeding, the court finds:
>
> a.  That there is not a need for continued State intervention on behalf of the juvenile through a juvenile court proceeding; and
>
> b.  That at least six months have passed since the court made a determination that the juvenile's placement with the person to whom the court is awarding custody is the permanent plan for the juvenile, though this finding is not required if the court is awarding custody to a parent or to a person with whom the child was living when the juvenile petition was filed.

N.C. Gen. Stat. § 7B-911(c)(2).

The 8 October 2008 order purporting to terminate juvenile court jurisdiction did not comply with N.C. Gen. Stat. § 7B-911(c)(2); actually, the order does not even state that the juvenile court is terminating its

jurisdiction.[4] The trial court did not make any finding "[t]hat there is not a need for continued State intervention on behalf of the juvenile through a juvenile court proceeding" and did not find any facts which would demonstrate why there would be no need for continued State intervention. There is also no finding "[t]hat at least six months have passed since the court made a determination that the juvenile's placement with the person to whom the court is awarding custody is the permanent plan for the juvenile[.]" *See id.* We also note that it appears that the trial court could not have made a finding that "at least six months have passed since the court made a determination that the juvenile's placement with the person to whom the court is awarding custody is the permanent plan for the juvenile," because this was not true. The only order in the record before us setting forth a "permanent plan" for the juvenile was the 22 November 2006 review order, which granted permanent custody to the plaintiffs, but the 8 October 2008 order instead granted "temporary joint legal custody" to plaintiffs and defendants. Clearly, temporary joint custody granted to four people is not a "permanent plan" and this order was entered simultaneously with the purported transfer, not at least six months prior. A finding regarding the "permanent plan" was required, as the court did not award "custody to a parent or to a person with whom the child was living when the juvenile petition was filed," *see id.*, as Mary was living with the defendants when the petition was filed, but the order granted "temporary, joint legal custody" to both plaintiffs and defendants. N.C. Gen. Stat. § 7B-911(c) explicitly provides that "[t]he court may enter a civil custody order under this section and terminate the court's jurisdiction in the juvenile proceeding *only if*" the court enters an order in compliance with N.C. Gen. Stat. § 7B-911(c)(2). (Emphasis added.) *See* N.C. Gen. Stat. § 7B-911(c). As the trial court's 8 October 2008 temporary custody order did not comply with N.C. Gen. Stat. § 7B-911(c)(2), it did not terminate the juvenile court's jurisdiction.[5] *See id.* The temporary custody order

---

4. We also note that although it is proper for the court to enter a consent order in an abuse, neglect, or dependency proceeding, such an order may be entered only "when all parties are present, the juvenile is represented by counsel, and all other parties are either represented by counsel or have waived counsel, and sufficient findings of fact are made by the court." N.C. Gen. Stat. § 7B-902. The 8 October 2008 order included no findings of fact beyond a procedural history of the case and the order provisions to which the parties were consenting.

5. We note that it appears that the trial court failed to comply with other requirements in N.C. Gen. Stat. § 7B-911; however, we need not address these issues as non-compliance with N.C. Gen. Stat. § 7B-911(c)(2) is enough to invalidate the purported transfer and as neither party has appealed from the erroneous 8 October 2008 order.

purports to be a civil custody order under N.C. Gen. Stat. § 7B-911(c), but the juvenile court must first terminate jurisdiction before entering a civil custody order.[6] Although it is permissible for the court to enter one order which both terminates juvenile court jurisdiction and serves as the "civil custody order" under Chapter 50, instead of two separate orders, such an order still must include the proper findings of fact and conclusions of law required for each component of the order. *In re A.S. & S.S.*, 182 N.C. App. 139, 142, 641 S.E.2d 400, 402 (2007) ("The trial court may enter one order for placement in both the juvenile file and the civil file as long as the order is sufficient to support termination of juvenile court jurisdiction and modification of custody.").

This Court has no jurisdiction to mandate any action in regard to the 8 October 2008 order, despite its defects as noted above. There has been no appeal from and no motion for relief from the 8 October 2008 order, and the juvenile court had jurisdiction to enter an order transferring the case, but the 8 October 2008 order 09-19 was not effective to terminate the juvenile court's jurisdiction under N.C. Gen. Stat. § 7B-911, as noted above. However, we must vacate the 7 August 2009 and 23 October 2009 orders as the juvenile court never terminated its jurisdiction and the case was therefore never properly transferred from juvenile court to civil court; thus the trial court, acting under its Chapter 50 jurisdiction, had no subject matter jurisdiction to enter these orders.

## III. Conclusion

As the trial court failed to comply with N.C. Gen. Stat. § 7B-911 in terminating the jurisdiction of the juvenile court, we vacate the 7 August 2009 and 23 October 2009 orders and remand to the district court for further proceedings consistent with this opinion. We also note that upon remand, this case remains within the jurisdiction of the juvenile court unless and until the juvenile court terminates its jurisdiction in compliance with N.C. Gen. Stat. § 7B-911 and enters a civil custody order in compliance with N.C. Gen. Stat. § 50-13.1, *et seq.*

VACATE.

Judges HUNTER, Robert C. and HUNTER, JR., Robert N. concur.

---

6. We note that in a civil custody order under N.C. Gen. Stat. § 7B-911(c), the court must make appropriate findings of fact and conclusions of law under N.C. Gen. Stat. § 50-13.1, *et seq.* The order does not contain any findings or conclusions as required by Chapter 50 for a custody order.