IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1279

 Filed: 1 October 2019

Forsyth County, No. 10 CVD 9037

DOUGLASS HOYT MCMILLAN, Plaintiff

 v.

SHELLY DIANE MCMILLAN, Defendant

 Appeal by Plaintiff from an Order entered 28 March 2018 by Judge George A.

Bedsworth in Forsyth County District Court. Heard in the Court of Appeals 5 June

2019.

 Morrow Porter Vermitsky & Taylor, PLLC, by John C. Vermitsky, for Plaintiff-
 Appellant.

 Metcalf & Beal, LLP, by Christopher L. Beal, for Defendant-Appellee.

 HAMPSON, Judge.

 Factual and Procedural Background

 Douglass Hoyt McMillan (Plaintiff) appeals from an Order awarding Shelly

Diane McMillan (Defendant) legal custody and primary physical custody of the

parties’ minor child and granting Plaintiff secondary legal custody. The Record before

us tends to show the following:

 Even prior to the minor child’s birth, the parties in this case had a tumultuous

relationship fueled by alcohol and substance abuse. As the trial court would later
 MCMILLAN V. MCMILLAN

 Opinion of the Court

summarize: “Their courtship was marked by relapses, hospitalizations, domestic

violence and extremely careless behavior.” On 6 October 2010, two days after the

parties’ minor child was born, the parties engaged in a domestic violence incident

resulting in the two-day old minor child being dropped on the floor and hitting her

head.

 As a result, on 8 October 2010, the Forsyth County Department of Social

Services (DSS) initiated a Juvenile Abuse/Neglect/Dependency action in Forsyth

County District Court (the Neglect Proceeding) due to reports from hospital staff of

the parties arguing and concerns about releasing the child to a hostile environment.1

The parties separated on 10 October 2010. On 2 March 2011, the minor child was

adjudicated to be a neglected juvenile and placed in the custody of her maternal

grandparents.

 On 15 December 2010, before the Neglect Adjudication and while the Neglect

Proceeding was still pending, Plaintiff initiated this action by filing a Complaint in

Forsyth County District Court seeking exclusive legal and physical custody of the

parties’ minor child (the Child Custody Action). Following the Neglect Adjudication,

on 9 November 2011, the Child Custody Action was administratively removed from

the active court calendar and ordered closed by the Forsyth County District Court on

 1 The Record before us does not contain the Juvenile Petition, the subsequent Neglect
Adjudication, or other contemporaneous documents. Thus, we draw our factual and procedural
background here from findings and undisputed allegations in this subsequent child custody litigation
setting out this earlier history.

 -2-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

the basis “it appears that the case is no longer an active lawsuit and that trial will

not likely be necessary.”

 On 18 April 2012, in the Neglect Proceeding, the Forsyth County District Court

entered a Juvenile Order2 following a statutory periodic review hearing under then

N.C. Gen. Stat. § 7B-9063 on the status of the minor child. The Juvenile Order found

DSS now recommended legal custody of the minor child be returned to the parties,

with the parties having joint custody of the child, and that the case be converted to a

civil child custody proceeding. The Guardian ad Litem for the minor child

recommended the same thing. The Juvenile Order contains findings reciting the

efforts of DSS to eliminate the need for foster placement of the minor child and

reunify her with her parents, and a finding those efforts were reasonable.

 The Juvenile Order found “that return of [the minor child] to the joint custody

of her parents would be in the best interest of the child.” In addition, the Juvenile

Order found: “On this date, the Court has entered an order pursuant to N.C.G.S. 50-

13.1, 50-13, 50-13.5 and 50-13.7, as provided in G.S. 7B-911, awarding joint custody

of the child” to Plaintiff and Defendant.

 The Juvenile Order further found:

 22. The parties understand that any Motion to enforce or modify
 the terms of the civil custody order will be in Civil, not
 Juvenile Court and may be referred to mediation; that no

 2 This Juvenile Order is included in the Record.
 3 Since repealed and now replaced with N.C. Gen. Stat. § 7B-906.1. See 2013 N.C. Sess. Law
129, § 29 (N.C. 2013).

 -3-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

 party is entitled to court-appointed counsel in that action;
 that the Guardian ad Litem and Attorney Advocate have no
 responsibilities in that action; that the Juvenile Court will
 have jurisdiction to consider matters relating to the child only
 if a new Petition is filed; and that the [DSS] has no custodial
 or other rights or responsibilities with respect to the child,
 although Plaintiff may contact DSS for assistance that may
 be available on a voluntary basis.

 23. The Court finds pursuant to N.C.G.S. 7B-911 that [Plaintiff
 and Defendant] are fit and proper to have sole custody of [the
 minor child] and such custody would be in the best interest of
 the [minor child].

 Consequently, the Juvenile Order decreed the parties were to have joint legal

custody of the minor child, including authorization of necessary medical care for the

child, and “the Court terminates juvenile court jurisdiction and there shall be no

further scheduled Court reviews.” Despite the Juvenile Order’s recitation that a civil

child custody order was being entered the same day, the Record does not reflect that

any such order was entered in the Child Custody Action or in any newly initiated civil

child custody action. Indeed, the parties appear to agree that no such written order

was actually entered.4 In any event, no further proceedings took place in the Neglect

Proceeding.

 Almost two years later, on 16 April 2014, Plaintiff filed a Motion in the Cause

in the Child Custody Action seeking permanent, exclusive legal and physical custody

of the parties’ minor child, as well as ex parte emergency and temporary custody of

 4 Nothing in the Record reflects that any party moved or requested entry of an order in the
Child Custody Action or sought a writ of mandamus requiring the trial court to enter such an order.

 -4-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

the child and child support. The Motion in the Cause alleged following the

termination of the Neglect Proceeding, the parties had operated on an alternating 4-

3-4-3 custody schedule from June 2012 until April 2014. The Motion in the Cause

further alleged that earlier in April 2014, Plaintiff observed Defendant to be highly

intoxicated during child custody exchanges and determined Defendant had relapsed;

on 10 April 2014, Defendant had checked herself into an alcohol treatment program;

and Plaintiff refused to return the child to her for the child’s protection.

 The same day, 16 April 2014, Plaintiff obtained an ex parte order granting him

temporary legal and exclusive physical custody of the child. On 20 June 2014,

Defendant filed a Response to Plaintiff’s Motion in the Cause countering, inter alia,

that while she “may have an occasional problem with alcohol,” Plaintiff was a

“recovering crack addict” “diagnosed with several personality disorders,” including

Narcissism and Anti-Social disorders, and who was “obsessively jealous of the

Defendant’s parents being involved” with the child. Between 2014 and 2016, the

parties operated under a series of Memoranda of Judgment/Orders providing

temporary custody, which, generally speaking, provided Defendant greater custodial

time with the minor child. The last of these Memoranda, entered on 29 November

2016 with the consent of the parties, granted temporary primary physical custody to

Defendant.

 -5-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

 The case finally came on for trial over several dates in July and August 2017

on the parties’ respective claims for child custody. On 28 March 2018, the trial court

entered its Order in the Child Custody Action, awarding Defendant legal and primary

physical custody and granting Plaintiff secondary custody every other weekend and

one weeknight, with a birthday, holiday, and summer visitation schedule. The trial

court left open the remaining issues of child support and attorneys’ fees in hopes the

parties might reach some agreement. Plaintiff filed his Notice of Appeal on 9 April

2018.

 Appellate Jurisdiction

 The trial court’s 28 March 2018 Order constitutes a final resolution of the

parties’ child custody claims and this appeal is properly before us notwithstanding

the remaining child support claim or request for attorneys’ fees. See N.C. Gen. Stat.

§ 50-19.1 (2017) (“Notwithstanding any other pending claims filed in the same action,

a party may appeal from an order or judgment adjudicating . . . child custody . . . if

the order or judgment would otherwise be a final order or judgment within the

meaning of G.S. 1A-1, Rule 54(b), but for the other pending claims in the same

action.”); see also Duncan v. Duncan, 366 N.C. 544, 546, 742 S.E.2d 799, 801 (2013)

(“An order that completely decides the merits of an action therefore constitutes a final

judgment for purposes of appeal even when the trial court reserves for later

determination collateral issues such as attorney’s fees and costs.”).

 -6-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

 Issues

 On appeal to this Court, Plaintiff elects not to directly challenge the trial

court’s 28 March 2018 Order but, instead, presents two narrow jurisdictional issues:

(I) whether exclusive jurisdiction in the Neglect Proceeding was properly terminated

in 2012, such that the trial court obtained jurisdiction to enter orders in the Child

Custody Action; and if so, (II) whether the fact Plaintiff’s own 2014 Motion in the

Cause in the Child Custody Action, along with Defendant’s own subsequent filings,

failed to recite the existence of a substantial change of circumstances affecting the

welfare of the minor child, deprived the trial court of jurisdiction to modify a prior

custody decree.

 Standard of Review

 In both of his arguments, Plaintiff contends the trial court in the Child Custody

Action lacked subject-matter jurisdiction to enter its 28 March 2018 Order granting

both legal and primary physical custody to Defendant. “Whether a trial court has

subject-matter jurisdiction is a question of law, reviewed de novo on appeal.” McKoy

v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

 We acknowledge, at least on the Record before us, Plaintiff failed to raise either

of his arguments on appeal before the trial court. Nevertheless, “[s]ubject-matter

jurisdiction derives from the law that organizes a court and cannot be conferred on a

court by action of the parties or assumed by a court except as provided by that law.”

 -7-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

Id. “Thus the trial court’s subject-matter jurisdiction may be challenged at any stage

of the proceedings.” Id. Therefore, we conclude the two issues raised are properly

before us for review.

 Analysis

 I. Termination of Jurisdiction over the Neglect Proceeding

 Plaintiff first argues the trial court did not have jurisdiction over the Child

Custody Action because jurisdiction over the Neglect Proceeding was not properly

terminated under N.C. Gen. Stat. § 7B-911.

 Jurisdiction in the Neglect Proceeding initiated in 2010 was exercised under

N.C. Gen. Stat. § 7B-200(a) (2010), under which “[t]he court has exclusive, original

jurisdiction over any case involving a juvenile who is alleged to be abused, neglected,

or dependent.” N.C. Gen. Stat. § 7B-200(a) (2010).5 “When the court obtains

jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of

the court or until the juvenile reaches the age of 18 years or is otherwise emancipated,

whichever occurs first.” N.C. Gen. Stat. § 7B-201(a) (2010). When a petition alleging

abuse, neglect, and/or dependency under Chapter 7B is filed, any then-pending civil

 5 During the lengthy pendency of this action, a number of amendments have been made to
statutes within Chapter 7B relevant to this case, including Section 7B-200. As noted above, Section
7B-906 was repealed entirely and replaced with a new Section 7B-906.1. Indeed, in that same Session
Law, Section 7B-911 underwent a number of revisions effective well after the Juvenile Order in this
case. 2013 N.C. Sess. Law 129, § 29 (N.C. 2013). In our analysis, however, we endeavor to apply the
statutory language in effect at the time of the Neglect Proceeding in 2010–2011. Much of the
substantive discussion, including as to the jurisdictional provisions, however, remains generally
applicable.

 -8-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

action that includes child custody is automatically stayed as to the issue of child

custody. N.C. Gen. Stat. § 7B-200(c)(1); § 50-13.1(i) (2010).

 In this case, the Child Custody Action filed under Chapter 50-13.1 was not

pending when the Neglect Proceeding was initiated; rather, “as the juvenile court

obtained jurisdiction over the children, see N.C. Gen. Stat. 7B-200(a), the juvenile

court had continuing exclusive jurisdiction unless jurisdiction was ‘terminated by

order of the court[.]’ N.C. Gen. Stat. §§ 7B-200(a), -201(a).” Rodriguez v. Rodriguez,

211 N.C. App. 267, 270, 710 S.E.2d 235, 238 (2011). In other words, at the time

Plaintiff filed the Civil Custody Action, the trial court had no jurisdiction over the

Child Custody Action because of the already-pending Neglect Proceeding.

 The question then becomes whether the Juvenile Order entered on 18 April

2012 in the Neglect Proceeding was sufficient to terminate continuing exclusive

jurisdiction in that proceeding, such that when Plaintiff filed his Motion in the Cause

in the Child Custody Action two years later, the trial court could invoke jurisdiction

over the Child Custody Action. Plaintiff contends that under this Court’s prior

decision in Sherrick v. Sherrick, 209 N.C. App. 166, 704 S.E.2d 314 (2011), the trial

court in the Neglect Proceeding was required to comply with N.C. Gen. Stat. § 7B-

911 in order to terminate its jurisdiction and transfer the matter to the Child Custody

Action.

 -9-
 MCMILLAN V. MCMILLAN

 Opinion of the Court

 “N.C. Gen. Stat. § 7B-911 specifically provides the procedure for transferring

a Chapter 7B juvenile proceeding to a Chapter 50 civil action.” Id. at 169, 704 S.E.2d

at 317. “N.C. Gen. Stat. § 7B-911 sets forth a detailed procedure for transfer of such

cases which will ensure that the juvenile is protected and that the juvenile’s custodial

situation is stable throughout this transition. For this reason, N.C. Gen. Stat. § 7B-

911(b) requires that the juvenile court enter a permanent order prior to termination

of its jurisdiction.” Id.

 At the time6 of the Neglect Proceeding, Section 7B-911 provided in full:

 (a) After making proper findings at a dispositional hearing or any
 subsequent hearing, the court on its own motion or the motion
 of a party may award custody of the juvenile to a parent or
 other appropriate person pursuant to G.S. 50-13.1, 50-13.2,
 50-13.5, and 50-13.7, as provided in this section, and
 terminate the court’s jurisdiction in the juvenile proceeding.

 (b) When the court enters a custody order under this section, the
 court shall either cause the order to be filed in an existing civil
 action relating to the custody of the juvenile or, if there is no
 other civil action, instruct the clerk to treat the order as the
 initiation of a civil action for custody.

 If the order is filed in an existing civil action and the person to
 whom the court is awarding custody is not a party to that
 action, the court shall order that the person be joined as a
 party and that the caption of the case be changed accordingly.
 The order shall resolve any pending claim for custody and
 shall constitute a modification of any custody order previously
 entered in the action.

 6 Again, see 2013 N.C. Sess. Law 129, § 29 for a comparison of the language both then and
now.

 - 10 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

 If the court’s order initiates a civil action, the court shall
 designate the parties to the action and determine the most
 appropriate caption for the case. The civil filing fee is waived
 unless the court orders one or more of the parties to pay the
 filing fee for a civil action into the office of the clerk of superior
 court. The order shall constitute a custody determination, and
 any motion to enforce or modify the custody order shall be filed
 in the newly created civil action in accordance with the
 provisions of Chapter 50 of the General Statutes. The
 Administrative Office of the Courts may adopt rules and shall
 develop and make available appropriate forms for establishing
 a civil file to implement this section.

(c) The court may enter a civil custody order under this section
 and terminate the court’s jurisdiction in the juvenile
 proceeding only if:

 (1) In the civil custody order the court makes findings and
 conclusions that support the entry of a custody order in an
 action under Chapter 50 of the General Statutes or, if the
 juvenile is already the subject of a custody order entered
 pursuant to Chapter 50, makes findings and conclusions
 that support modification of that order pursuant to G.S.
 50-13.7; and

 (2) In a separate order terminating the juvenile court’s
 jurisdiction in the juvenile proceeding, the court finds:

 a. That there is not a need for continued State intervention
 on behalf of the juvenile through a juvenile court
 proceeding; and

 b. That at least six months have passed since the court
 made a determination that the juvenile’s placement with
 the person to whom the court is awarding custody is the
 permanent plan for the juvenile, though this finding is
 not required if the court is awarding custody to a parent
 or to a person with whom the child was living when the
 juvenile petition was filed.

 - 11 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

N.C. Gen. Stat. § 7B-911 (2010).

 In Sherrick, this Court held a trial court had no jurisdiction to enter child

custody orders in a Chapter 50 child custody action where jurisdiction in a neglect

proceeding had not been properly terminated and the matter had not been properly

transferred to the civil child custody action. 209 N.C. App. at 170-71, 704 S.E.2d at

318-19. There, the court in the juvenile neglect proceeding made no finding it was

terminating jurisdiction, made no finding there was no need for continued State

intervention, could not have made a finding at least six months had passed since the

court made a determination as to the permanent plan, and awarded “temporary

custody” over the child to both the grandparents and parents. Id. Consequently, our

Court held “the juvenile court never terminated its jurisdiction and the case was

therefore never properly transferred from juvenile court to civil court; thus the trial

court, acting under its Chapter 50 jurisdiction, had no subject matter jurisdiction to

enter these orders.” Id. at 172, 704 S.E.2d at 319.

 In this case, Plaintiff specifically argues the Neglect Proceeding was never

properly terminated because the Juvenile Order failed to include specific findings

required by Section 7B-911(c) and no custody order was entered in the Child Custody

Action under Section 7B-911(b). Here, it appears, at a minimum, the trial court in

the Neglect Proceeding, despite its finding otherwise, failed to actually enter an

appropriate permanent custody order in either the Child Custody Action or in a newly

 - 12 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

initiated action. Thus, the Juvenile Order, by itself, was insufficient to transfer

jurisdiction to the Child Custody Action.

 However, a court presiding over a Chapter 7B abuse, neglect, and/or

dependency proceeding may terminate jurisdiction under Section 7B-201 without

having to comply with the transfer requirements of Section 7B-911. See, e.g., In re

J.M.D., 210 N.C. App. 420, 428, 708 S.E.2d 167, 173 (2011) (“[I]f the trial court

determines that termination of the juvenile court’s jurisdiction is proper or that the

case should be transferred to civil court, the trial court should make the appropriate

findings as required by N.C. Gen. Stat. § 7B-201 and/or N.C. Gen. Stat. § 7B-911.”).

In Rodriguez, this Court held a trial court properly terminated its jurisdiction over a

juvenile abuse/neglect/dependency proceeding under N.C. Gen. Stat. § 7B-201 and

thus the trial court had jurisdiction over a subsequent Chapter 50 custody action

initiated by the child’s grandparents. 211 N.C. App. at 273, 710 S.E.2d at 240. This

Court further held:

 Because the juvenile review order herein placed the children in
 both the physical and legal custody of [the parent], ended
 involvement of both DSS and the Guardian ad Litem program,
 and included no provisions requiring ongoing supervision or court
 involvement, we conclude that the order terminated the
 jurisdiction of the juvenile court over the children as
 contemplated by N.C. Gen. Stat. § 7B-201(a).

Id.

 - 13 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

 In the present case, the Juvenile Order expressly states it is terminating

jurisdiction in the Neglect Proceeding, expressly ends the involvement of both DSS

and Guardian ad Litem, and expressly returns custody—including legal custody—of

the child to the parents. As in Rodriguez, we conclude the Juvenile Order “terminated

the jurisdiction of the juvenile court over the [child] as contemplated by N.C. Gen.

Stat. § 7B-201(a).” Id. As such, upon the termination of jurisdiction in the Neglect

Proceeding, the legal status of the juvenile and the custodial rights of the parties

reverted to the status they were before the juvenile petition was filed. N.C. Gen. Stat.

§ 7B-201(b) (2010). Therefore, the trial court in this Child Custody Action had

subject-matter jurisdiction to consider Plaintiff’s custody claim once Plaintiff invoked

that jurisdiction by filing his Motion in the Cause.7 Rodriguez, 211 N.C. App. at 273,

710 S.E.2d at 240. Thus, the trial court did not err in asserting jurisdiction over the

Child Custody Action after the Juvenile Proceeding was terminated.

 II. Allegations of a Substantial Change in Circumstances

 Plaintiff next contends, to the extent the Juvenile Order constituted a

permanent custody order under Section 7B-911, no party in the Child Custody Action

alleged a substantial change of circumstances affecting the welfare of the child. Thus,

 7 We leave aside a separate question not raised or briefed as to whether Plaintiff should have
instead filed a new action in light of the fact the Child Custody Action was administratively dismissed
prior to the trial court ever obtaining jurisdiction in the case.

 - 14 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

Defendant submits, the trial court lacked jurisdiction to modify any permanent

custody order arising out of the Neglect Proceeding.

 Under N.C. Gen. Stat. § 50-13.7(a) an existing permanent child custody order

may only be modified “upon motion in the cause and a showing of changed

circumstances by either party . . . .” N.C. Gen. Stat. § 50-13.7(a). However, as we note

above, the trial court in the Neglect Proceeding did not enter any permanent custody

order in compliance with Section 7B-911. Rather, the court in the Neglect Proceeding

merely terminated its jurisdiction and returned custody of the minor child to the

parties; thus, the parties simply reverted to their pre-petition status under which

there was no prior court order for the custody of the minor child. See N.C. Gen. Stat.

§ 7B-201. In the absence of an existing permanent child custody order, the parties

were not required to allege, and the trial court was not required to find or conclude,

that there existed a substantial change of circumstances affecting the welfare of the

child for purposes of modifying an existing custody order under N.C. Gen. Stat. § 50-

13.7. Rather, the trial court in the Child Custody Action was permitted to make an

initial child custody determination based on the best interests of the minor child

under N.C. Gen. Stat. § 50-13.1 and § 50-13.2.

 Therefore, we do not reach the question of whether an express allegation of a

“substantial change of circumstances” is a jurisdictional requisite of a motion in the

cause seeking to modify custody. Moreover, even assuming it is, and further

 - 15 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

assuming the Juvenile Order in this case did result in a permanent custody order

subject only to modification under Section 50-13.7, Plaintiff’s own Motion in the

Cause adequately alleged a substantial change of circumstances affecting the welfare

of the child. Specifically, the Motion in the Cause filed in April 2014 alleged

subsequent to the termination of the Neglect Proceeding in April 2012, the parties

had maintained an alternating custody schedule, but that in 2014, Defendant had

allegedly relapsed and had allegedly been observed to be highly intoxicated around

the child during custody exchanges and that this presented a risk of harm to the child.

Defendant filed a Response to this Motion containing her own rebuttal and

allegations to Plaintiff’s Motion. The parties’ allegations in these filings would be

sufficient to allege a substantial change in circumstances affecting the welfare of the

child to permit the trial court to consider a modification of child custody.

 Thus, we conclude the trial court did not err in asserting jurisdiction over the

Child Custody Action. Therefore, the trial court did not err in entering its 28 March

2018 Order granting Defendant legal and primary physical custody of the parties’

minor child.

 Conclusion

 Accordingly, for the foregoing reasons, we affirm the trial court’s 28 March

2018 Order.

 AFFIRMED.

 - 16 -
 MCMILLAN V. MCMILLAN

 Opinion of the Court

Judges DIETZ and BERGER concur.

 - 17 -